KITSMILLER v. KITCHEN *et al.*

Original notice: DEFECTIVE: JURISDICTION. The service of an original notice which does not state the place or time at which the defendant is required to appear and defend gives the court no jurisdiction of the defendant, and a judgment rendered upon such service is not binding upon the parties, and may be collaterally attacked.

*Appeal from Union District Court.*

FRIDAY, DECEMBER 28.

PETITION in equity to foreclose a mortgage against M. A. Kitchen and Martha Kitchen, his wife, as mortgagors, and against Robert R. Stone, as junior mortgagee. There was a judgment of foreclosure as to the mortgagor, but the petition was dismissed as to the defendant Stone. From this latter part of the judgment the plaintiff appeals. The further necessary facts are stated in the opinion.

*Frank M. Davis* for the appellant.

No appearance for the appellee.

COLE, J. — The plaintiff's mortgage was executed and acknowledged in Hocking county, Ohio, April 21, 1859, and was duly indexed and recorded in Union county, Iowa, where the mortgaged lands are situated, on the

28th day of April, 1859. The defendant Stone's mortgage was upon the same property, and was executed and acknowledged in the same place, on the 2d day of August, 1859, but the transcript does not disclose the date of its index and record.

In April, 1861, the defendant, Stone, in this action commenced his suit in equity in the District Court of Union county, Iowa, to foreclose his mortgage. He made the mortgagors, M. A. Kitchen and Martha Kitchen, his wife, and also this plaintiff, Joel Kitsmiller, defendants in his action. He caused an original notice to be issued, which contains five closely written pages, and notifies the defendants therein that there is on file in the District Court of Union county, Iowa, a petition of Robert R. Stone, claiming of the defendants Kitchen a foreclosure of the mortgage, and claiming of the defendant Kitsmiller that his mortgage be postponed and made junior to the said Stone's mortgage; and stated with great and unnecessary (though harmless) detail, that he claimed such priority of mortgage by reason of an agreement with the mortgagors, made on the 4th day of January, 1859, to mortgage the same property to him, and which agreement was then sought to be carried out by the execution of the mortgage; but that by mistake a wrong description of the land was inserted in the mortgage, which was afterward corrected by the execution of a new mortgage, and that in the mean time the defendant therein, Kitsmiller, obtained his mortgage, with full knowledge of all the facts.

This original notice, however, did not notify the defendants therein *when* or *where* they were required to appear, or what would be the consequences of their failure to appear, or other matter; but it concluded after making the statement of what the petition claimed, and was signed with the name of the plaintiff therein

by his counsel, whose names were also added. This notice was served on the defendant therein, Kitsmiller, April 24, 1861, by a private individual, but the return does not state where the service was had, but it is sworn to on the same day the service was made, and was sworn to in Hocking county, Ohio, and the certificate of verification was made by the probate judge thereof.

On the 10th day of February, 1862, the plaintiff in that action, Robert R. Stone, by his counsel, caused to be entered up, by the clerk in vacation, a judgment by default against the defendant, Joel Kitsmiller, " to be made final at the next regular term of the District Court," and this order was " read, approved and signed " at the succeeding April Term. The cause was then taken, by change of venue, to Madison county, where, at the September Term, 1863, a judgment of foreclosure was rendered against the mortgagors; and, upon the default aforesaid entered in Union county, judgment was rendered against the defendant Kitsmiller, making his mortgage lien subject to Stone's mortgage.

The plaintiff in that action, Robert R. Stone, who is the defendant in this, now sets up the judgment in his action, making Kitsmiller's mortgage lien subsequent to his, as *res adjudicata.*

Whether it is so or not, is the only question presented by the transcript in this case.

The failure of the original notice in the action by Stone against Kitchen and Kitsmiller, to inform the defendant as to the place where, and the time when, he must appear and defend the action, was a substantial and fatal defect.

The statute positively and unmistakably requires this. Rev. § 2812. The propriety as well as necessity of requiring this statement in the notice is doubly apparent in this case, where the defendant, thus served with the

defective notice, was a non-resident of this State, and would have no other convenient means of ascertaining the requisite facts than from the notice.

We are clear, that the service of such a notice did not confer jurisdiction upon the court over the person of the party served. The judgment was therefore void and could not be relied upon as *res adjudicata* since it did not affect the rights of the parties. *Hodges* v. *Brett*, 4 G. Greene, 345; *Milbourn* v. *Fouts*, Id. 346; *Worster, Templin & Co.* v. *Oliver*, 4 Iowa, 345.

The judgment, being void, may of course be attacked collaterally. The plaintiff asks for judgment in this court. He is entitled to it.

Reversed.