WASHBURN v. CARMICHAEL.

I. PER CURIAM.

1. Guardian's sale: REQUISITES OF PETITION. A petition in a proceeding by a minor heir, to declare void the title of a purchaser at a guardian's sale of real estate, is not demurrable on the ground that it does not appear from the petition that the plaintiff has tendered to the purchaser the amount paid by him for the land. If the purchaser took and continued in possession of the premises, the heir would be entitled to offset the rents and profits received by the purchaser against the purchase-money received by the heir; and, unless the petition showed that the purchaser did *not* take such possession, it would not be demurrable on the ground above stated.

II. PER BECK, J.

2. —— JURISDICTION: NOTICE. A guardian's sale of real estate, without notice to the heirs, is void for want of jurisdiction in the court ordering the sale. The opinion of BECK and COLE, JJ., in *Good* v. *Norley*, 28 Iowa, 188, followed.

III. PER CURIAM.

3. —— STATUTE OF LIMITATION. Section 2560 of the Revision, providing that "no person can question the validity of a guardian's sale

after the lapse of five years from the time it was made," applies only to cases where the purchaser has taken and held continuous possession of the premises for the statutory period.

*Appeal from Jefferson District Court.*

MONDAY, OCTOBER 23.

ACTION in chancery. The petition alleges that plaintiff, with a brother, inherited from their father certain real estate in Jefferson county; that at the death of their father they were minors, and one William L. Hamilton was appointed and duly qualified as the guardian of their property; that in 1835 the county court made an order directing the sale of the real estate in question, and that under this order the guardian, in 1861, sold the interest of plaintiff and her brother in said lands, and executed a deed therefor, which was approved by the county court, to defendant Carmichael, who conveyed the property to one Spicer, under whom defendant Ingham claims title. The petition shows that the last-named defendant is now in possession of the lands.

The petition charges that the order for the sale of the lands was made without a petition, having been filed in the county court as required by law asking the sale thereof, that no notice was served upon the owners or either of them of the application to sell their property, and sets out other alleged causes which, it is claimed, operate to avoid the sale. The plaintiff, it is further alleged, arrived at her majority less than one year before this action was instituted.

It is claimed that the guardian's sale is void because of the want of jurisdiction in the county court to make the ·order upon which it is based. The relief asked is that the title of the land may be declared to be in plaintiff and quieted.

A demurrer to the petition was sustained by the district court. Plaintiff appeals.

*D. P. Stubbs* for the appellant.

*Nourse & Kauffman* with *Slagle & Acheson* for the appellee.

BECK, J. — I. By the demurrer to the petition two questions are raised which are presented in the briefs of counsel.

1. GUARDIAN'S SALE: requisites of petition. The first is this : The plaintiff in her petition does not offer to re-pay to defendants the amount for which the lands were sold by the guardian. The petition therefor, it is contended, under the rule that he who seeks equity must do equity, does not exhibit a *state* of facts which entitles plaintiff to relief. In support of this position it is argued that the law will presume that plaintiff had received the benefits of the money paid for the land upon the guardian's sale, either during her minority or since she become of age. Equity therefore will not permit her both to recover the land and enjoy the money realized at the guardian's sale. Thus far we may admit the position of defendant's counsel. But he claims further, that plaintiff cannot be heard in a court of equity until she has refunded or offered to refund the money paid for the land, and as her petition does not show that fact it is demurrable. This conclusion we cannot admit, as it is stated. Doubtless equity would require the money, so far as it was received by plaintiff, to be restored or accounted for, as it would do complete justice between the parties. Admitting fully the obligation of plaintiff to account for the money, it does not appear from the petition that defendants in this proceeding would be entitled to a decree against her for its payment to them or either of them. There may be other equities in the case that would prohibit such relief. If the defendants had occupied the lands, or received rents and profits therefrom, they would be required to account to plaintiff therefor in case it should be found that she is entitled to recover the land. In

adjusting the equities of the parties such a case might arise that the court would set off the money received by plaintiff against rents and profits. In the petition it is alleged that one of the defendants is in the possession of the lands, though it is not stated how long that possession has continued. It is quite apparent however that, under the pleadings, facts could be developed on a trial of the case upon its merits, which would demand that whatever amount plaintiff received for the land from her guardian should be set off against rents and profits for which defendants may be liable in equity. It thus appears that the payment, or tender to defendants of the money paid for the lands on the guardian's sale, under the presumption that plaintiff received it, is not necessary in order to enable plaintiff to bring her action, and the petition is not therefore demurrable because that fact is not averred. *Young* v. *Daniels*, 2 Iowa, 135; *Rutherford* v. *Haven & Co.*, 11 id. 587.

II. The other question arising in the case, as it is presented to us, involves the effect of the limitation, provided by section 2560 of the Revision, upon 2.——jurisdic- actions brought to recover land sold by guardians under authority of the proper court. It is in these words: "No person can question the validity of such sales after the lapse of five years from the time it was made." The effect of this provision, in my opinion, is identical with that of section 2388, which is applicable to administrator's sales. The last-named section was discussed by this court in *Good* v. *Norley*, 28 Iowa, 188, and the court, as then constituted, was equally divided as to its effect upon sales made under proceedings where it appears the notice required by law has not been given. I hold, in that case, Mr. Justice COLE concurring with me, that proceedings for the sale of lands of an estate by an administrator were adversary in their nature, and the court could only acquire jurisdiction by the service of the notice provided for by law; that with-

out such notice and service thereof the proceedings were *coram non judice*, and that the limitation provided by section 2388 did not apply to sales made under such void proceedings. In my judgment the reasoning and principles of my opinion in that case are applicable to the one now under consideration. If there be any difference in the two statutory proceedings, the peculiar language of section 2560 gives more force to the view than does the language of the similar section 2388, which applies to administrator's sales. The peculiar language in the first-named section I will not now proceed to point out.

I have re-examined the grounds of my opinion in *Good* v. *Norley*, and am satisfied with my conclusions as therein announced. In this case I am fully prepared to adhere to them. The reasons and arguments I adduced in support of my conclusions, upon a review of the question, are satisfactory to my own mind. I do not deem it necessary to add any thing to what I then said.

Another view of the question as presented by the case under consideration, in which all the members of the court 3.— statute of concur, I will briefly state. While not going limitation. to the length of my opinion in *Good* v. *Norley*, it reaches the same results so far as this case is concerned.

As it is unanswerably argued in *Pursley* v. *Hayes*, 22 Iowa, 11 (26), the statute under consideration cannot be construed to operate as a bar against an attack upon the title acquired under a guardian's sale, made by the heir who retains the undisturbed possession of the property. If it were so held, as it is pointed out in that case, it would operate to defeat the general statute of limitation in a case where the heir held for five years claiming title to the property. The conclusion announced by Mr. Justice WRIGHT in that case, to the effect that when lands are sold under a proceeding void for want of jurisdiction, and the heir continues in possession, the statute will not bar an attack by him upon the title under the guardian sale, is

supported by sound reason. In the further progress of the argument of the learned justice, he pursues a course of reasoning which clearly establishes the further conclusion, that, if the statute will bar the attack of the heir against the guardian sale, where the purchaser under that sale is in possession of the lands, it so operates because the purchaser is in possession under color of title and therefore protected against the attack. But if possession under color of title is necessary to effectuate the bar of the statute, it is evident that such possession must be continuous for the time limited, namely, five years. This must be admitted upon the simple statement of the proposition.

Applying their views to the case before us, it appears that plaintiff's action is not shown to be barred. The petitioner avers that defendants are in possession. The time they have been in possession is not stated. The words of the petition will not be construed to reach further than their obvious import, namely, that the defendants at the time the petition was filed were in possession of the lands. We cannot construe it to mean that such possession had continued for five years or for any other time.

Therefore, as the petition does not allege a state of facts which shows the action barred under the statute, the demurrer based upon that ground should not have been sustained.

The foregoing discussion covers all the questions contested by the counsel of the respective parties.

It is our opinion that the district court erred in sustaining the demurrer to the petition. Its judgment is, therefore,

Reversed.