Lyon v. Vanatta <em>et al.</em>

1. Guardian's sale: JURISDICTION: NOTICE. A guardian's sale of the real estate of his ward is not a proceeding *in rem*, but one adversary in its nature, and when made without the notice required by law, is void, for want of jurisdiction in the court ordering the same.

2. —— If the notice be defective merely, the jurisdiction is saved, and the proceeding cannot be collaterally assailed; but it is other-

35 | 521
99 | 365

35 | 521
114 | 128

35 | 521
6117 | 678

35 | 521
121 | 92

35 | 521
f134 | 335

35 | 521
140 | 84

wise where there has been no notice, or where the paper relied on as such is without the essential requirements of a notice.

3. —— The *time* when the application will be made is an essential of the notice, hence a notice in which no time is fixed, or which states a wrong time, one subsequent to that at which the application was acted upon and the order made, does not confer jurisdiction, and the order and sale thereunder will be void.

4. —— The distinction between a case of defective notice and no notice pointed out by MILLER, J.

5. —— OFFER TO RETURN PURCHASE-MONEY. The rule requiring a minor attacking a sale to allege a tender of return of the purchase-money does not apply when it is averred in his petition that he has never received from his guardian or otherwise any portion thereof.

*Appeal from Muscatine District Court.*

MONDAY, DECEMBER 18.

THE plaintiff filed her petition asking the court to set aside a sale and deed made by her guardian of certain real estate which belonged to her during her minority. Defendants demurred to the petition, which being sustained by the court, plaintiff appeals.

*Thomas Hanna* for the appellant.

*Richman & Carskadden* for the appellees.

MILLER, J.— The plaintiff's petition is quite lengthy, the substance of which is that George D. Stevenson as her

1. GUARDIAN'S SALE: jurisdiction: notice.

guardian, and Isaac Mauck as guardian of plaintiff's brother, appealed to the county court of Muscatine county for an order to sell certain real property then belonging to plaintiff and her brother, who were minors and heirs at law of Daniel Mauck, deceased, from whom they inherited said real property. Plaintiff alleges that said application was neither signed nor sworn to by her said guardian ; that the notice of said application which was served on

plaintiff informed her that said application would be made to the court on the first Monday of January, 1867, and that unless she then appeared to defend, the order asked for would be granted; that said notice was served on plaintiff on the 21st day of December, 1866, and that she was then under fourteen years of age and residing with Mrs. Henrietta Quinn, in the city of Muscatine, who had the care and control of plaintiff, but on whom no notice whatever was served. It is further stated that at that time the district court of Muscatine county by law commenced its session on the first Monday of January, 1867, and no session of the county court could then be held; that without any notice thereof to plaintiff — without any application signed or sworn to. by plaintiff's said guardian — without appointing a guardian *ad litem* for plaintiff — without the appearance or attendance of said George D. Stevenson, or any other person in behalf of plaintiff, and without any evidence or finding by the court of the unproductiveness of said real property, said county court, on the 31st day of December, 1866, made an order authorizing said guardians to sell said real property at public or private sale; that afterward, on the 27th day of April, 1868, said George D. Stevenson, acting as the guardian of plaintiff, with said Isaac R. Mauck, as guardian of her brother, undertook to convey said lands to the defendant William Vanatta for the consideration of $6,000. It is averred that the guardian of plaintiff never executed a bond as by law required in case of such sales; that his original bond as guardian was not and is not sufficient to protect plaintiff; that said Isaac R. Mauck is the only surety thereon, and that he is and has been for more than ten years insolvent; that said purchase-money, nor any part thereof, was ever received by plaintiff or her said guardian, nor has the same been invested for plaintiff's use; that said deed was executed by said Stevenson in Buchanan county, Iowa, where at the time he resided, on

the representation to him by said Isaac R. Mauck, that the same had been so ordered by the county court.

It is charged that said sale was conceived and executed by said Mauck for the purpose of cheating and defrauding the plaintiff, and that the defendant William Vanatta had notice that said sale was fraudulent, and of the illegality and insufficiency of the proceedings before the county court; that on the 29th day of December, 1868, said Stevenson resigned his guardianship; that in his final report he has not charged himself with any of the proceeds of said lands of plaintiff; that said Isaac R. Mauck, at his own solicitation, was on said last date appointed plaintiff's guardian.

Plaintiff, having intermarried with C. A. Lyon, commenced this action July 6, 1871.

We have above stated the substance of those parts of the petition which are material to the decision of the questions raised by the demurrer.

The first and perhaps most important question to be considered is, whether the notice to the plaintiff of the application to the county court to sell her property was sufficient to give the court jurisdiction of the person of the plaintiff, as well as of the subject-matter.

It is settled by the decisions of this court that a proceeding by a guardian, for the purpose of obtaining an order from the proper court for the sale of the real property of his ward, is not a proceeding *in rem*, but an adversary proceeding, and that a guardian's sale of real estate, without the notice required by law, is void for want of jurisdiction in the court ordering the same. *Washburn* v. *Carmichael*, 32 Iowa, 475, and cases cited.

It is urged, however, that there was a notice in this case duly served on the minor ten days before the day on which the order of court was made; that in contemplation of law the order was made on the first Monday of January, 1867, the time when the notice required the

minor to appear, because that being the regular term of the county court as fixed by law, except when the district court met at that time, and then the county court was required to be held the Monday preceding, and that such being the fact in this case, the order made on the 31st day of December, 1866, was made as of the January term, 1867.

It will be observed that the notice in this case did not notify the minor that the application of her guardian for an order to sell her lands would be made at the January *term*, 1867, but the time fixed in the notice for the making of the application was the first *Monday* of January, a time when no term of the county court was held in the county. The notice is in effect the same as if it had required the minor to appear on the 7th day of January. Again, the law prescribed that the regular term of the county court should be held on the Monday preceding the first Monday in January. See Laws of 1864, ch. 99; Rev. of 1860, § 262. The term of the district court being fixed to commence *on* the first Monday of January (Laws of 1862, ch. 164, § 1), it follows that there was no regular January term of the county court in that county at that time, but such regular term was by the law then in force required to be held on the last Monday of December, as much so as if the statute had named that time in express and specific terms. A notice, therefore, requiring the minor to appear on the first Monday of January would not be a good notice requiring her to appear on the last Monday of December preceding. This is too patent to admit of doubt.

There is a class of cases in this court holding that a judgment rendered against a party on a defective notice or imperfect service cannot be treated as void in a collateral proceeding. *Cooper* v. *Sunderland*, 3 Iowa, 114; *Boker* v. *Chapline*, 12 id. 204; *Bonsall* v. *Isett*, 14 id. 309; *Morrow* v. *Weed*, 4 id. 77; *Ballinger* v. *Tarbell*,

16 id. 491; *Shawhan* v. *Loffer*, 24 id. 217; *Pursley* v. *Hays*, 22 id. 11.

It is to be borne in mind that for a defect in the notice or service the judgment will not be held void when *collaterally* attacked. Upon examination of these cases it will be found that in each case the defendants were served with *a notice* of the *time* and *place* they were required to appear, but there was some technical defect in the notice or in the return or the requisite number of days' notice had not been given. On the other hand, it has been uniformly held that where there has been *no* notice served upon the defendant, the judgment or other proceeding is absolutely null and void, and may be attacked collaterally as well as directly. In addition to the cases above cited, see *Tunis* v. *Withrow*, 10 Iowa, 305; *Newcomb* v. *Dewey*, 27 id. 381, and cases cited in the opinion of Mr. Justice COLE.

And it has been also held that where a notice served on the defendant failed to state the time and place where he was required to appear and defend, gave the court no jurisdiction of the person of the defendant, and a judgment rendered on such a notice was not binding on the parties, and may be collaterally attacked. *Kitsmiller* v. *Kitchen*, 24 Iowa, 163. This case is consistent with the cases above cited, which hold that a judgment rendered on a defective notice cannot be treated as void in a collateral proceeding. The notice which a party must have, however, is not any paper that may be served on the party, but a writing which informs him of the proceeding and the time and place where action will be taken therein against him. The service of a notice informing the defendant of the pendency of an action against him, but which fails to inform him where or when he is required to appear, is therefore *no* notice of such proceedings. They are void for want of a notice conferring jurisdiction, and may be impeached collaterally. In the case before

us the validity of the proceedings are not assailed collaterally. The want of notice is the principal fact upon which the plaintiff bases her action. The action directly assails the validity of the proceedings before the county court and the guardian's sale made thereunder, and it is, therefore, a *direct* attack thereon. *Whetstone* v. *Whetstone*, 31 Iowa, 281. But were it otherwise we think the case falls within the principle of *Kitsmiller* v. *Kitchen*, *supra ;* there being such a want of notice as is equivalent to no notice whatever, rendering the proceedings void whether assailed directly or collaterally.

In the case of *Kitsmiller* v. *Kitchen* there was a written notice served on the defendant, but because it failed to state the time and place where the defendant was required to appear the judgment was held void. This, it was held, was a substantial and fatal defect. The omitted facts " the statute positively and unmistakably " required to be stated. Rev., § 2812. So in the case before us the statute *positively* requires that a copy of the application, " *with a notice of the time at which such application will be made to the court, must be served personally upon the minor.* Rev. of 1860, § 2553. Of what must the minor have notice ? What does the statute require? Not simply that a paper called a notice shall be served upon him or her. Nor alone that an application will be made to the county court to sell his or her lands, but the positive requirement of the statute is that she shall be personally served with a *notice of the time* when such application will be made. It is this notice of the *time* when the application will be made that confers jurdisdiction. If, therefore, the minor be not served with notice of such time, or if no time is fixed in the notice, the defect is a fatal one. In the case before us it is urged the notice did name *a* time when the application would be made.

There are several answers to this : *First.* The time

named in the notice was not at a regular term of the county court, and for that reason the court had no power or jurisdiction *at that time* (being in vacation) to make the order of sale applied for, or take any action thereon. An appearance at that time by the minor could have effected nothing. *Second.* The minor was notified that the application would be made in vacation after the December term, 1866, No application was made at the time named in the notice. The application upon which the sale was ordered was made at a different time from that named in the notice and prior thereto. Of the time when this application and order were made she had no notice. She was informed that proceedings would be had to sell her land, but she had no notice of the time when such proceedings were had. Worse than this, the notice informs her that proceedings would take place at a time when they could not lawfully be had, and prior to the time thus fixed the proceedings were had before the court. This is not simply a failure to notify the minor of the time when the proceedings were had before the court, but by fixing the appearance day at a time subsequent to the regular term of the court, and at which the order of sale was made, she is misled and entrapped. She is not only *not* informed of the time when the proceedings are had, but notified that they will take place at a time thereafter. This is not a case of defective notice or imperfect service, but a case of no notice whatever of the time when the proceedings were had before the court, and, on the principle of *Kitsmiller* v. *Kitchen, supra,* fatally defective.

So in *Frazier* v. *Steenrod,* 7 Iowa, 339, where the notice served on the minor of the time when her guardian would apply for an order to sell her land, misdescribed the land sought to be sold, it was held in a collateral proceeding to be *no* notice, and the sale thereunder void. The misdescription was held to be such a fatal defect as that it amounted to no notice whatever.

It cannot certainly be less important or material that the minor have notice of the time *when the court acts* on the guardian's application than that the land to be sold be correctly described in the notice. The statute expressly requires that notice of the time when the application is made must be given, and the court had no jurisdiction to make an order of sale prior to the appearance day fixed in the notice.

Where the notice is merely technically defective and the court has adjudged it sufficient, it is said that the judgment rendered on such notice must be assailed, if at all, directly by appeal or writ of error. See *Shawhan* v. *Loffer, supra.* This cannot, however, be construed to hold that where there appears in the record an entire omission of some essential fact necessary to bring the party before the court, so that it may have jurisdiction to make an adjudication in the case, that jurisdiction may be acquired simply by an adjudication that the court has jurisdiction. If this were so the jurisdiction of a court could always be sustained by putting it in the record that the court found that the defendant had been legally served with process, whether there had been any notice in the case or not. The absurdity of such a rule is apparent. See opinion of Mr. Justice COLE in *Newcomb* v. *Dewey,* 27 Iowa, 381, 388, and cases cited.

The principle is, and must necessarily be, that where some essential fact or requirement of the law which goes to make up and constitute notice to the party is omitted, so that practically the notice required by law has not been given, then there is such a fatal defect in the substance of the notice as that no jurisdiction is conferred thereby. And on the other hand, where the party has been served with a notice which informs him of the substance of the remedy sought and the time and place when and where he is required to appear, proceedings had in conformity with *such notice* will not be held void in a collateral pro-

ceeding though there are technical defects in the notice or service. Such we understand to be the effect of the decisions. But we have found no case in any State upholding the jurisdiction of a court where the judgment was rendered prior to the return-day of the original process.

II. The above views render it unnecessary to notice but one of the remaining grounds of the demurrer, viz., the fourth, which is that " the petition shows that the plaintiff has received, and still retains, the purchase-money paid by the defendant and does not offer to restore the same."

5. —— return of purchase-money.

We think this cause in the demurrer is based upon a misapprehension of the averments of the petition. It is expressly alleged that plaintiff has never received any part of such purchase-money. It is also alleged that Stevenson, who was her guardian when the sale was made, never received any of said purchase-money; that if it was paid at all by Vanatta, it was paid to Mauck the guardian of plaintiff's brother. It is true that it further appears that Mauck afterward became the guardian of plaintiff, but it is denied that he ever paid any of the money to the plaintiff, or invested it for her use. Be this as it may however, the petition distinctly charges that Vanatta has been in possession of the property since June, 1868, and has received the rents and profits. What the rents and profits shall amount to can only be correctly ascertained upon further proceedings, at which time the court can fully protect the defendant in respect to the purchase-money. The failure to aver an offer on her part is therefore in equity no ground of demurrer. See *Washburn* v. *Carmichael, supra,* and cases.

The judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Beck, C. J., dissenting.

Reversed.