CHARLES H. CUMMINGS ET AL., Appellants, v. JOHN H. LANDES ET AL.

**Original notice:** SUFFICIENCY OF SIGNATURE THERETO. The statute requiring that an original notice shall be signed by the plaintiff or his attorney is satisfied by either writing, printing or lithographing the name, provided it be done with the intention of issuing the notice; and where plaintiff presented a notice containing the printed signature of his attorney and procured a decree based on the sufficiency of the same, it will be presumed that the court found that he had adopted that form of signature in issuing the notice.

**Same:** TIME FOR APPEARANCE: JURISDICTION. An original notice which fixes an impossible date for the appearance of defendant confers no jurisdiction, as where it is served after the date fixed for appearance.

**Same:** SERVICE UPON MINORS. Service of notice upon a minor must be made upon one of the parents, the guardian or the person having the care or control of the minor; it cannot be made on the minor himself.

**Same.** Probably a parent may bind his minor child by the acceptance of service of an original notice in his behalf, but if the acceptance of service relates solely to the parent, who is also a party to the suit, without notice that the minor is a party, jurisdiction of the minor is not thus acquired.

**Same:** WAIVER OF SERVICE OF NOTICE. One not acting in a representative capacity or in some way authorized so to do cannot waive service of notice upon a minor, either by appearance or acknowledging timely service after the date fixed for appearance.

**Same:** APPOINTMENT OF GUARDIAN *ad litem.* In the absence of service of notice upon a minor the court has no jurisdiction to appoint a guardian *ad litem.*

·Appeal from *Van Buren District Court.*—HON. C. W. VERMILLION, Judge.

THURSDAY, JULY 9, 1908.

REHEARING DENIED FRIDAY, OCTOBER 30, 1908.

THE petition alleged that in his lifetime Oliver H. P. Cummings owned eighty acres of land; that he died testate in 1883, devising a life estate therein to his widow and the remainder to his son, Freemont Cummings; that the widow accepted under the will and has since died; that Freemont Cummings died in 1899, leaving a widow, Alice E. Cummings, and four children, Annie E., Jessie L., Perry M., and Charles H. Cummings; that at the March, 1903, term of court, in an action entitled *John H. Landes v. Alice Cummings et al.,* a decree was entered foreclosing an alleged mortgage of $600, covering said land executed by Freemont Cummings and wife, securing a note for like amount, and both bearing date June 5, 1890, and due three years thereafter; that special execution was issued and the land sold at sheriff's sale to Landes for $1,698.05, and a year later a sheriff's deed executed to said Landes, who is claiming the right of possession; that each of plaintiffs claim a one-sixth interest in said land, and aver that the decree was void as to them because no notice of the action was served on them; that the alleged mortgage is fully satisfied in so far as any right to foreclose is concerned, and they prayed that the decree of foreclosure and all proceedings thereunder be set aside as to them, held for naught, and title to one-sixth each be quieted in them, and that the land be partitioned. A general equitable demurrer was sustained, and, as plaintiffs elected to stand on the ruling, the petition was dismissed. The plaintiffs appeal. *Reversed.*

*Robt. & H. B. Sloan,* for appellants.

*Walker & McBeth* and *E. L. McCoid,* for appellees.

LADD, C. J.—The allegations of the petition were such

that the demurrer was erroneously sustained if it shall be found that no notice of a suit for the foreclosure of a mortgage on eighty acres of land begun in 1903 was served on the plaintiffs, for in that event it appeared therefrom that each of them owned a one-sixth interest therein. If it be found otherwise, the ruling on the demurrer was correct. As is alleged, a printed copy of the original notice was pasted on a piece of paper, and the return of service by the sheriff is that he served this on plaintiffs' then under fourteen years of age, "by reading the same to each of them, and delivering each a true copy thereof in the presence and hearing of their mother, Mrs. Alice M. Cummings, at her usual place of residence in Des Moines township, Van Buren County, Iowa." The alleged notice required them to appear on the 5th day of January, 1903, and this notice was served, if at all, on February 19th of the same year, and decree was entered March 18, 1903. An acknowledgment of timely service was indorsed by Alice M. Cummings, but long after the time fixed in the notice. The points raised by appellants are that (1) the original notice was not signed by plaintiff or his attorney; (2) that the return shows that it was not served as required by statute; (3) that the time fixed for appearance was long previous to that of service.

I. Our statute requires that the original notice be "signed by the plaintiff or his attorney." This is to authenticate it as coming from the plaintiff in the action. A written signature is not in terms exacted.

1. ORIGINAL NO-TICE: suffi-ciency of sig-nature thereto. To sign, in the primary sense of that expression, means to make a mark, and the signature is the sign thus made. By long usage, however, influenced no doubt by the spread of learning, signature has come ordinarily to be understood to mean the name of a person attached to something by himself, and therefore to be nearly synonymous with "autograph." This signification is derivative, however, and not inherent in

the word itself. *In re Walker's Estate,* 110 Cal. 387 (42 Pac. 815, 30 L. R. A. 460, 52 Am. St. Rep. 104). Looking at the original meaning of the word, in connection with the usage since the people generally have become able to write their own names, we have no trouble in reaching the conclusion that, as employed in the statute, no more is exacted than that the name of plaintiff or that of his attorney be attached to the notice by any of the known methods of impressing the name on paper whether this be in writing, printing, or lithographing, provided it is done with the intention of signing or be adopted in issuing the original notice for service. *Loughren v. Bonniwell,* 125 Iowa, 518; *Herrick v. Morrill,* 37 Minn. 250 (33 N. W. 849, 5 Am. St. Rep. 841); *Mechen v. More,* 54 Wis. 214 (11 N. W. 534); *Hamilton v. State,* 103 Ind. 96 (2 N. E. 299, 53 Am. Rep. 491), and note. *Hoitt v. Skinner,* 99 Iowa, 360, and *Doerr v. Life Ass'n,* 92 Iowa, 39, are not in point, as in neither was there any signature whatever. As the plaintiff in the foreclosure suit presented the notice signed by his attorney to the court procured a decree to be entered, based on its sufficiency, it will be assumed, in the absence of any showing to the contrary, that he had adopted the printed signature, and that the court so found.

II. The notice was addressed to Alice M. Cummings, Jessie L. Cummings, Perry M. Cummings, widow and heirs of Freemont Cummings, deceased, and required them to appear and defend "before noon of the

2. SAME: time for appearance: jurisdiction.

second day of the January term, A. D. 1903, of said court, which will convene at Keosauqua, Iowa, on the 5th day of January, 1903." The only proof of service was an acknowledgment thereof indorsed on the notice subsequent to said January term in words following: "I, Alice M. Cummings, hereby accept due, timely, and legal service of the opposite notice waiving time and copy thereof. Alice M. Cummings." Also a return

of the sheriff that on the 19th day of February, 1903, he
"served the same on Perry M. Cummings and on Charles
H. Cummings, minors, by reading the same to each of
them, and delivering to each a true copy thereof, in the
presence and hearing of their mother, Mrs. Alice M. Cum-
mings, at her usual place of residence" in the county.  Even
though service had been in accord with the requirement of
the statute, it was served long after the time fixed for
appearance, which for this reason was at an impossible
date.   The statute exacting the designation in the notice
of the time and place for the appearance of the persons
served always has been held to be mandatory, and the
service of a notice, not containing such designation, con-
fers no jurisdiction.  *Kitsmiller v. Kitchen*, 24 Iowa, 163;
*Fernekes v. Case*, 75 Iowa, 152; *Haws v. Clark*, 37 Iowa,
355; *Genther v. Fuller*, 36 Iowa, 604.   In the last case
the point here involved was decided; the only difference
being in that service was by publication.  To name an im-
possible day is equivalent to naming no day at all, and
such an omission renders the notice not merely defective,
but no notice at all.   The distinction between such a notice
and those which are defective merely is clearly pointed out
in *Lyon v. Vanatta*, 35 Iowa, 521.   Where the notice is
so wanting in the requirements made essential by the stat-
ute as not to constitute any notice when served, the court
is without jurisdiction and without authority even to ap-
point a guardian *ad litem*.   *Allen v. Saylor*, 14 Iowa, 435;
*Mooney v. Maas*, 22 Iowa, 380.

The service was not such as exacted in order to
confer jurisdiction of the minors.   Section 3533 of the
Code provides that, "if the defendant is a minor under

**3. SAME: serv-**
**ice upon min-**
**ors.**

fourteen years of age, the service must be
on his father or mother, or guardian, but
if there be none of these within the State, then on the
person therein having the care of and control over him,
or with whom he resides or in whose service he is em-

ployed." Service was not effected by the acts described
in the sheriff's return. Because of their disability this
could have been effected only by service on the mother in
their behalf.

Disregarding the sheriff's return, then, we inquire
whether the acknowledgment of service by the mother con-
ferred jurisdiction over these children. She was a party
to the action, and apparently acted for her-

4. SAME.    self alone. She was neither served with no-
tice as mother of the minors, nor did she acknowledge
service as such for them. Nor is there anything in the ac-
knowledgment to justify the inference that she intended
to accept service for them. Acknowledgment of service
of a notice is one of the statutory modes of service (section
3518, Code); and probably the mother might have bound
her children by accepting service in their behalf. *Mc-
Cartney v. City of Washington,* 124 Iowa, 382. But she
did not do so, and for all that appears she might have
acknowledged service on herself without noticing that the
minors were made parties, as the acknowledgment did not
involve the receipt of a copy of the notice. The statute
of Alabama required, in order to confer jurisdiction on
infants under fourteen years of age, service on them also,
and in *Hodges v. Wise,* 16 Ala. 509, all were defendants
in the action, and service was had on the minors and also
on the parent, but not as parent of the minors, and the
court held that jurisdiction was not acquired to appoint
a guardian *ad litem* for them. In *Morgan v. Morgan,* 45
S. C. 323 (23 S. E. 64), service was accepted by plaintiff
in the action as guardian of the defendant minors, and it
was held that jurisdiction of the latter was not acquired,
but this was put on the ground that, owing to the ad-
versary character of the proceedings, the guardian was
not in a situation to act for his wards. In *Rodgers v.
Rodgers,* 17 Ky. Law 358 (31 S. W. 139), the circum-
stances were such that jurisdiction of the minors could

be acquired only by service of process on the minors and their mother, all of whom were defendants. The sheriff's return did not show that a copy was delivered the mother as such for the minors, but it was held that, as she received a copy for herself, an additional copy would have added nothing to her information, and that, as the object of the law exacting a delivery of a copy of the summons to her as mother of the minors had been accomplished, the service was effective in conferring jurisdiction. . The design of service on the parent, guardian, or other person having the minor in his custody is to direct the attention of one likely to be interested in the minor to the fact that he is sued, to the end that his rights may be the more certainly and effectually guarded. If the service of notice, though not precisely as enjoined by statute, is such as certainly must have conveyed this information, it would seem to be such as at least to invoke the jurisdiction of the court to pass on its sufficiency. It will be observed that the last decision is not decisive, as the mother in that action actually received a copy of the notice. It may well be doubted whether personal acknowledgment of service may be construed as necessarily conveying the above information.

If it be so conceded, however, it does not follow that one not acting in a representative capacity or in some way authorized so to do may waive service of notice for another, either by appearance in court for or 5. SAME: waiver of service of notice. by acknowledging for them timely service after the date fixed for appearance. Every one is entitled to his day in court, and through notice to be afforded an opportunity of being heard, and this cannot be abrogated by the unauthorized act of one upon whom notice is directed to be served for them. See *Gray v. Palmer*, 9 Cal. 616; *Kansas City, St. J. & C. B. R. Co. v. Campbell*, 62 Mo. 585. The statute does not authorize the parent or guardian to waive service nor timely service

thereof, and, even though the acknowledgment had been of service by the mother for the minors, as it was of a notice fixing an impossible date for appearance, it did not confer jurisdiction.

In the absence of service of notice for the minors, the court was without jurisdiction to appoint a guardian *ad litem,* and the decree, if rendered on the service of notice alleged, is void. *Good v. Norley,* 28 Iowa, 188. See *Rice v. Bolton,* 126 Iowa, 654; *Dohms v. Mason,* 76 Iowa, 723. The suggestion that want of notice was not well pleaded is without merit, as is also the argument based on the thought that the decree is alleged to be voidable merely. According to the petition, it is void, and therefore the suit could not well be maintained under section 4091 of the Code. For the reasons stated, the ruling on the demurrer was erroneous. *Reversed.*

6. SAME: appointment of guardian *ad litem.*