MAUD D. CONKLIN, appellant, v. LILLIAN CONKLIN, individually,
and as executrix of estate of Chester W. Conklin,
deceased, appellee.

No. 51518.

(Reported in 132 N.W.2d 459)

JANUARY 12, 1965.

260

Maynard Hayden, of Indianola, and Herrick, Langdon, Sandblom & Belin, of Des Moines, for appellant.

Doran, Doran, Doran & Courter, of Boone, for appellee.

MOORE, J.—On December 19, 1963, plaintiff, Maud D. Conklin, filed her petition to quiet title and for declaratory judgment. It alleges plaintiff and Chester W. Conklin were married January 3, 1927; on December 15, 1953, in the District Court of Warren County, Iowa, she was declared incompetent and a guardian of her person and property was appointed; that the guardianship continued until June 25, 1959, when it was closed and plaintiff released therefrom. It further alleges Chester W. Conklin filed a petition for divorce in the Warren District Court on July 1, 1954; an original notice was served on her guardian, Robert Haldeman; his attorney appeared in the divorce proceedings and a decree of divorce was entered on July 22, 1954.

The petition further alleges the guardian and his attorney were without legal authority to confer jurisdiction upon the court by entering an appearance and that the divorce decree therefore was void and a nullity. It asks plaintiff be recognized as the surviving widow of Chester W. Conklin, who died November 4, 1963, and that title to certain described real property which he held at death be quieted in her.

Defendant moved to dismiss the petition, claiming in substance it shows on its face the court did have jurisdiction, the decree could not be collaterally attacked and the petition shows plaintiff is not entitled to the relief demanded.

The trial court sustained defendant's motion to dismiss and thereafter entered judgment for costs against plaintiff from which she has appealed.

I. The main question presented is whether the duly appointed, qualified and acting guardian of the person and property of Maud D. Conklin had authority to appear in the divorce proceedings and thereby confer jurisdiction of her.

Volume 39 C. J. S., Guardian and Ward, section 178, states:

"Where the action is brought against a general guardian he may appear without service of process. Some courts hold that, where suit is brought against the wards, the general guardian may dispense with service of process on them, as by acceptance or waiver of service, or by entry of appearance in behalf of the wards; but there is authority to the contrary. * * *."

Volume 25 Am. Jur., Guardian and Ward, section 155, states:

"There is some conflict of authority as to the power of a guardian to appear for his ward without due service of process on the ward, some authorities denying such power, and others holding that the general guardian of an infant has authority, without the service of any process whatever, to enter the appearance of his ward in an action pending against him, and that such appearance confers jurisdiction upon the court to the same extent as it would if the process were personally served in the manner prescribed by statute. * * *."

A study of the various authorities readily reveals the conflict is due to the difference in statutory provisions for service of notice on a ward and the statutes which fix the duties and responsibilities of a guardian. We therefore find little value in the cases from other jurisdictions. No authority construing the combination of statutes such as ours has come to our attention.

The question presented here has not been previously answered by us. Its answer must be primarily found by careful consideration of our statutes as they existed at the time of the divorce proceedings. The provisions of our new Probate Code, chapter 326, Laws of the Sixtieth General Assembly, are not here involved.

Code section 668.9 provides: "Duties. Guardians of the

property of minors must prosecute and defend for their wards, may employ counsel therefor, lease lands, loan money, and in all other respects manage their affairs, under proper orders of the court or a judge thereof."

Code section 670.1 makes the provisions of section 668.9 applicable to guardians of incompetents.

Rule of Civil Procedure 56 provides:

"Personal service. Original notices are 'served' by delivering a copy to the proper person. Personal service may be made as follows: * * *

"(c) Upon any person judicially adjudged incompetent but not confined in a state hospital for the mentally ill, by serving the guardian of his person or property, * * *."

Of course service of an original notice may be acknowledged. Rules of Civil Procedure 52 and 56(a).

In Ross v. Board of Supervisors, 128 Iowa 427, 435, 104 N.W. 506, 509, 1 L. R. A., N. S., 431, where a minor, one of the property owners, was not given notice of a drainage ditch project, but appeared by her guardian and was awarded damages it is said: "Moreover, when the omitted owner voluntarily appeared to the proceedings, and procured an allowance of her claim for damages, we think it will be held to operate as a waiver by her of all objections based upon the failure to serve her with notice. * * * Had the notice been served, the ward could have done no more than to appear by guardian for the protection of her rights. He did so appear, and brought the matter before the court for its consideration and approval."

█ Manifestly, the purpose of requiring original notice be served on the guardian is not only that he be given opportunity to appear and defend, but to insure to the court itself a full and fair disclosure of the case it must decide and to protect the interest of the ward. Cummings v. Landes, 140 Iowa 80, 86, 117 N.W. 22, 24; Jones v. Schaffner, 193 Iowa 1262, 1270, 1271, 188 N.W. 787, 791.

Here plaintiff's petition alleges no fraud, deceit or wrongdoing was committed against her or that she was not properly represented in the divorce case.

█ Apparently when served plaintiff delivered the original

notice to her guardian. It was his statutory duty to protect her interest. He might have entered a special appearance which no doubt would have resulted in additional time and expense. We hold the guardian, under the facts, had a right to enter an appearance and to protect the ward's interest. His voluntary appearance was really no more than an acknowledgment of service. Plaintiff's petition here shows the trial court in the divorce case had jurisdiction.

 II. Another compelling reason the trial court's ruling must be affirmed is that plaintiff was served with an original notice of the divorce case and she fails to allege she had defense to that action.

 We have repeatedly said a judgment rendered against an insane person in a proceeding where jurisdiction is acquired by such service as would be valid but for defendant's insanity is at most voidable, not void. The effect of incompetency is to render the judgment subject to attack, provided a prima facie defense to the action is shown to have existed. Montagne v. Cherokee County, 200 Iowa 534, 537, 538, 205 N.W. 228, 230, and citations; In re Estate of Simpson, 225 Iowa 1194, 1196, 1197, 282 N.W. 283, 285, 119 A. L. R. 1208, and citations.

The ruling and judgment of the trial court is correct.— Affirmed.

All JUSTICES concur.