**IN THE COURT OF APPEALS OF IOWA**

No. 21-1825
Filed November 17, 2022

**IN THE MATTER OF S.P.,**
**ALLEGED TO BE SERIOUSLY MENTALLY IMPAIRED,**

**S.P.,**
Respondent-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Paul D. Miller,

Judge.

S.P. appeals an order for involuntary hospitalization under Iowa Code

chapter 229 (2021). **ORDER VACATED.**

Janice B. Binder, Martelle, for appellant.

Thomas J. Miller, Attorney General, and Gretchen Kraemer, Assistant

Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother had trouble managing her daily affairs, and her daughter was appointed as her guardian. The court of appeals affirmed the appointment but expanded a court-imposed requirement that the guardian seek judicial approval "of any change in her 'permanent residence to a nursing home, other secure facility, or secure portion of a facility that restricts the protected person's ability to leave or have visitors.'" *In re Guardianship of S.M.P.*, No. 20-0946, 2021 WL 5105869, at *3 (Iowa Ct. App. Nov. 3, 2021) (quoting Iowa Code § 633.635(3)(a) (2020)).

Meanwhile, the University of Iowa Hospitals and Clinics (UIHC) applied to have the mother involuntarily hospitalized. The mother was served with notice of the application. The mother's guardian was not. A hospitalization referee ordered the mother's commitment on an inpatient basis, followed by an alternative placement at another healthcare center. On appeal to the district court, the court concluded the mother was "seriously mentally impaired" and required continued treatment at the healthcare center. The mother appealed again, raising several arguments for reversal. We find her service argument dispositive.

Iowa Rule of Civil Procedure 1.302 requires service of a notice to a "defendant, respondent, or other party against whom an action has been filed." Iowa Rule of Civil Procedure 1.305(3), states service may be made "[u]pon any person adjudged incompetent but not confined in a state hospital for the mentally ill, by serving the conservator or guardian."

The court of appeals addressed rule 1.305(3) in *In re M.W.*, No. 15-2213, 2016 WL 5931189, at * 4–5 (Iowa Ct. App. Oct. 12, 2016), *vacated on other grounds by In re M.W.*, 894 N.W.2d 526 (Iowa 2017)). There, a ward involuntarily

hospitalized at UIHC raised the failure to serve her guardian. *M.W.*, 2016 WL 5931189, at \*1–2. We found that, "[a]lthough the hospital had the contact information" for the ward's "legal guardian, neither the hospital nor the court notified her of the proceedings." *Id.* at \*1. We determined the guardian "was entitled to notice." *Id.* at \*5. Because she was not served and subsequent proceedings suggested her appearance and participation might have made a difference, we vacated the involuntary hospitalization order. *See id.* The State sought further review. The supreme court dismissed the appeal on jurisdictional grounds without reaching the notice issue. *See M.W.*, 894 N.W.2d at 533. A dissent would have reached the notice question and would have concluded the guardian was entitled to notice. *See id.* at 534 (Appel, J., dissenting).

Citing the dissent, the mother argues "[t]here is no indication in the court docket that the guardian was ever served in accordance with Iowa Rule of Civil Procedure 1.305(3)." Although she did not raise the issue until this appeal, we "are required to address the lack-of-notice issue" because it "goes to the heart of the district court's jurisdiction," "[n]otice of the hearing and an opportunity to be heard appropriate to the nature of the case is the most rudimentary demand of due process of law," and the absence of notice renders the judgment void and subject to attack at any time. *In re S.P.*, 672 N.W.2d 842, 845 (Iowa 2003).[1]

---

[1] In *Conklin v. Conklin*, 132 N.W.2d 459, 461 (Iowa 1965), the supreme court stated "a judgment rendered against an insane person in a proceeding where jurisdiction is acquired by such service as would be valid but for defendant's insanity is at most voidable, not void." But there, the guardian voluntarily appeared, and the appearance was treated as an acknowledgment of service. *See Conklin*, 132 N.W.2d at 461. Here, in contrast, the guardian did not appear.

UIHC listed the guardian's name and phone number in its application for involuntary hospitalization and defined her relationship as "daughter/legal guardian." Yet UIHC never served her.

The State addresses this omission by suggesting the guardian did not have to be served because the mother was "confined in a state hospital for the mentally ill." *See* Iowa R. Civ. P. 1.305(3). The court of appeals was unpersuaded by the same argument. *See M.W.*, 2016 WL 5931189, at *4. We stated, "Regardless of whether UIHC is a state hospital for the mentally ill, at the time the application for involuntary hospitalization was filed, M.W. was not 'confined' at UIHC." *Id.* We find this logic persuasive.

The State also argues "there was neither evidence nor argument that the guardian desired to attend or desired a continuance so she could attend." But, without notice, the guardian would not have known she could attend, and her desire to attend or seek a continuance could not be assessed. Indeed, that was the crux of the county attorney's argument for going ahead with the district court hearing. She stated, "because the guardian is not here right now and we can't verify" the representations made by the mother as to her views, I think we need to proceed . . . with the appeal."

We conclude the referee's involuntary hospitalization order is void for lack of service and must be vacated. *See S.P.*, 672 N.W.2d at 848. But even if the order is only voidable, we conclude the guardian "had a right to enter an appearance and to protect the ward's interest." *See Conklin*, 132 N.W.2d at 461.

**ORDER VACATED.**