BAUDER v. HINCKLEY.

1. **Exceptions**: TO REPORT OF REFEREE: NECESSARY TO SECURE A
   REVIEW. In order that the report of a referee may be reviewed upon
   an appeal, it is necessary that exceptions be taken thereto in the court
   below. An exception taken to the *judgment* rendered upon such report
   is not sufficient, under section 2821 of the Code, to bring up for review
   in the appellate court alleged error in the report itself.

*Appeal from Clinton District Court.*

SATURDAY, DECEMBER 9.

ACTION UPON AN ACCOUNT. In 1875, the firm of Wallbaum,
Bridges & Co. did certain work in constructing the Chicago,
Clinton & Western Railroad. This action is brought by the
plaintiff as the alleged assignee of the account for such work,
and against the defendant, Hinckley, upon an alleged promise
to pay for the same. The case was referred to the Hon.
John N. Rogers, who found and reported that there was due
the plaintiff, from the defendant, the sum of $17,440.94,
with interest thereon at six per cent per annum from October
7, 1876. Afterwards the plaintiff moved for a confirmation
of the report, and the court sustained the motion and rendered
judgment for the plaintiff for the amount found due by the
referee. The defendant appeals.

*Aylett R. Cotton*, for appellant.

*I. Munroe*, for appellee.

ADAMS, J.—The defendant did not except to the report of
the referee, but simply excepted to the judgment of the court.
The plaintiff insists that the case, being in this condition,
presents nothing for our review. We can conceive of a case
where the complaint might be that the judgment was wrong,
even if the report was correct. The error thus made would
be reviewable upon exception to the judgment. But the
errors assigned are not of that character. If the errors

assigned were made, they originated with the referee. The question presented then is whether, in a case where a report of a referee has been confirmed and judgment rendered accordingly, the appellant can be allowed to present for our consideration questions which do not appear by proper exceptions to have been specifically presented to the consideration of the court below. The appellant in the case at bar insists that he can. He insists that all questions which can be raised in respect to the correctness of the report must be deemed to have been presented in a general way to the court below, when it was asked to confirm the report, and that such general presentation is sufficient. But it will be seen at once that, if his position is correct, it becomes the duty of the court, in every case referred and reported upon, to examine the entire record with the same care as if the case had not been referred. We do not think that such has been the practice; and if we should sustain the rule contended for, it appears to us that we should impose upon the courts a great burden of which they have deemed themselves relieved, and should go far toward destroying all value of a reference.

Section 2821 of the Code provides that " the report of the referee on the whole issue must state the facts found and the conclusions of law separately, and shall stand as the finding of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. The report may be excepted to and reviewed in like manner." While the foregoing provision may not be as clear in all respects as might be desired, it is certain that it contemplates that where a report is to be reviewed, exceptions should be taken to it as the foundation of the review. The following cases, though containing no ruling upon the precise point before us, indicate to some extent what has been deemed the correct practice: *Roberts v. Cass*, 27 Iowa, 225; *Edwards & Beardsley v. Cottrell*, 43 Iowa, 194, and *Washington County v. Jones*, 45 Iowa, 260. It appears to us, therefore, that, where the appellant desires to assail the report, he should

file exceptions to the same in the trial court. The appellant in this case having failed to do so, errors assigned upon the report present, we think, nothing for our review. We ought, perhaps, to say that appellant's present counsel did not try the case below, and is not responsible for any omissions which occurred. We may further say that, while we have not thoroughly considered the case upon its merits, a majority are inclined to think that, if the case were to be determined upon its merits, we should reach the same result.

AFFIRMED.