Dewey v. Pierce.

REVERSED.

## DEWEY v. PIERCE.

1. **Practice on Appeal:** NO PROCEEDINGS AFTER APPEAL DISMISSED. Appellant perfected his appeal, but failed to prosecute it at the proper term, and appellee appeared, filed a transcript of the judgment, and procured an order of affirmance, and for judgment on the *supersedeas* bond. Afterwards the appellant moved to set aside this order, which was done on the ground that appellant had served on the appellee and clerk of the district court timely notice that he had dismissed his appeal. *Held* that this court had no further jurisdiction of the cause, and that appellant could not afterwards be allowed to prosecute the appeal which he himself had so caused to be dismissed.

*Appeal from Woodbury District Court.*

SATURDAY, JUNE 12.

THIS is an ordinary action on a money demand. Plaintiff recovered a judgment in the district court, and defendant appeals.

*A. C. Strong,* for appellant

*U. C. Bales,* for appellee.

REED, J.—The judgment appealed from was rendered on the seventh day of April, 1885, and the appeal was perfected on the thirtieth of the same month. Appellant also filed a *supersedeas* bond, which was accepted and approved by the clerk of the district court. If the transcript and abstract and arguments had been filed in proper time, the cause would have been for hearing at the September term, 1885, of this court. The appellant, however, failed to bring any part of the record of the cause into this court before that term. But the appellee appeared, and filed a transcript of the judgment, and on his motion an order was made affirming the judgment of the district court. Judgment was also entered against the sureties on the *supersedeas* bond. After the adjournment of the court for that term, appellant filed a motion to set the order and judgment aside. One ground of this motion was that appellant had served notice of the dismissal of his appeal on the clerk of the district court and the appellee before the September term began, and at a subsequent term that motion was sustained. Before the March term, 1886, however, appellant filed a transcript and abstract in the case, and both he and appellee have filed arguments on the merits of the case. Appellee also filed a motion to affirm the judgment of the district court, which was submitted with the case. The order setting aside the judgment on the *supersedeas* bond in effect determined that the appeal had been dismissed, and that this court had lost jurisdiction of the

cause. Appellant, having obtained the benefit of this order, is not now entitled to go back, and prosecute his appeal. It may be that he could have taken a second appeal, but that question we will not consider, for there is no pretense that a second appeal was taken. We cannot, however, affirm the judgment; for, as stated above, the former order determines that we no longer have jurisdiction of the case. All that remains for us to do is to strike the cause from our docket, and that order will be made.

STRICKEN FROM THE DOCKET.