In the Matter of the ESTATE of Anton KLEIN, Deceased, Appellee,

v.

Margaret WARE, Appellant.

No. 56238.

Supreme Court of Iowa.

May 21, 1975.

N. E. Lillios and Richard A. Pundt, Cedar Rapids, for appellant.

Arthur O. Leff, Iowa City, for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, REYNOLDSON and HARRIS, JJ.

REES, Justice.

This is an appeal by Margaret Ware, a daughter and beneficiary named in the will of Anton Klein, who died testate a resident of Johnson County, Iowa on March 11, 1968. Mrs. Ware appeals from an order of trial court overruling her objections to the final report of the executors of decedent's estate. We affirm the trial court.

By his will Anton Klein bequeathed all of his personal property to his wife Mary A. (also known as Mary Agnes) Klein, and devised to her a life interest in all his real property, a 120-acre farm, with the remainder over to his five children. His will was duly admitted to probate pursuant to notice. A son, Ralph Klein, and a daughter, Marie Poggenpohl, were appointed and qualified as co-executors. The estate was in process of administration when Mary Agnes Klein died on November 10, 1971.

The executors filed a final report on January 11, 1971, which was set for hearing on February 1, 1971. On March 11, 1971 the executors filed a petition for the sale of the farm included in Anton Klein's estate. In their petition the executors asserted the owners of the farm (the five children of Anton Klein) were in agreement the real estate should be sold and that an offer had

been made by Dr. Thomas Anderson to purchase 80 acres of the farm, and that Marie Poggenpohl, one of the executors, had offered to purchase 40 acres, both offers being at a per-acre price of $625.

The application to sell real estate was set for hearing and trial court prescribed notice be served upon the five Klein children by regular mail. On March 25, 1971 the court ordered a public auction of the farm be held on April 14, 1971 in the court room in the Iowa City courthouse.

The auction was conducted by the court on the date set. During the early stages of the proceedings, Ralph Klein and Marie Poggenpohl were both bidding on the 40-acre tract, and Mrs. Thomas Anderson was present and was bidding on the 80-acre tract. The court then announced that the best bid for the entire 120 acres would be approved and consequently the parties began bidding on the entire 120-acre tract. At that point Mrs. Anderson apparently had an agreement with Ralph Klein whereby in the event she was the successful bidder for the whole farm he would purchase from her the 40-acre tract. When the auction continued Mrs. Anderson stopped bidding after offering $655 per acre for the entire tract. Marie Poggenpohl and her husband Robert then bid $660 per acre for the entire farm. No other bids were made. The record discloses that during the auction the question arose as to whether Ralph Klein or Marie Poggenpohl could bid without removing themselves as executors. The trial judge in open court asked all of the parties present, who included Margaret Ware, if there was any objection to Ralph or Marie bidding without removing themselves as executors. No objections were heard.

Thereafter a report of the sale of the farm to Marie and Robert Poggenpohl was reported to the court and approved. A final accounting and distribution was then ordered. All the heirs, including Margaret Ware, later accepted and cashed checks constituting the distributive share each received from the Klein estate.

Mrs. Ware now appeals, contending Marie Poggenpohl violated her fiduciary duty as executor of Anton Klein's estate when she joined her husband in the purchase of the Klein farm, and for that reason sale of the farm to the Poggenpohls must be declared void.

I. Appellant asserts § 633.155, The Code, 1971 explicitly prohibited Marie, as co-executor of Anton Klein's estate, from bidding on the Klein farm. Section 633.155 provided:

"No fiduciary shall in any manner deal with himself, except on order of court after notice to all interested persons, and shall derive no profit other than his distributive share in the estate from the sale or liquidation of any property belonging to the estate. . . ."

The record discloses appellant, as well as all the other aliquot owners of the Klein farm, had been notified of the time and place of the farm sale. She was personally present at the sale. She was afforded an opportunity to object to Marie and her husband bidding on the farm and voiced no objection.

Appellant further asserts Marie was acting in violation of the provisions of § 633.-160, The Code, 1971 which provided:

"Every fiduciary shall be liable and chargeable in his accounts for neglect or unreasonable delay in collecting the credits or other assets of the estate or in selling, mortgaging or leasing the property of the estate; for neglect in paying over money or delivering property of the estate he shall have in his hands; for failure to account for or to close the estate within the time provided by this Code; for any loss to the estate arising from his embezzlement or commingling of the assets of the estate with other property; for loss to the estate through self-dealing; for any loss to the estate arising from wrongful acts or omissions of his cofiduciaries which he could have prevented by the exercise of ordinary care; and for any other negligent or will-

ful act or nonfeasance in his administration of the estate by which loss to the estate arises."

Certainly no loss was occasioned the estate of the decedent due to any claimed self-dealing by Marie Poggenpohl. The record in fact conclusively establishes that the purchase of the farm by Marie and her husband resulted in raising the sale price thereof from $625 per acre to $660 per acre. There is, moreover, nothing in the record to indicate any prejudice resulted to appellant or the other heirs of Anton Klein's estate from any claimed self-dealing on the part of Marie Poggenpohl as one of the co-executors.

We find no merit in this appeal and affirm the trial court. Costs are taxed to appellant.

Affirmed.