In the Matter of the ESTATE OF Paul David WILLIS, Jr., Deceased.

Mary WILLIS, John Willis, Daniel Willis, and Elizabeth Willis Tedio, Appellants,

v.

Paul D. WILLIS III, Executor of the Estate of Paul David Willis, Jr., Paul D. Willis III, Individually, and Adrienne D. Karns, Resident Executor, Appellees.

No. 86–1113.

Supreme Court of Iowa.

Feb. 17, 1988.

Ann Fitzgibbons of Scalise, Scism, Sandre & Uhl, Des Moines, for appellants.

Thomas J. Clarke of Isaacson, Clarke, Vernon & Hodge, P.C., Des Moines, for appellees.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

LAVORATO, Justice.

The plaintiffs here maintain that the probate referee improperly dismissed their action to set aside the will of Paul David Willis, Jr. Contrary to the referee's ruling, they claim their action was commenced within the statutory period.

The executors of the estate, who are the defendants, contend the referee correctly found that the case had not been commenced on time. They also continue to assert their argument that the present appeal to this court is improper because the district court never reviewed the referee's ruling. Although we earlier rejected the latter argument for dismissal, upon further consideration we find we have no jurisdiction. Accordingly, we dismiss this appeal.

The probate referee's findings show that Paul D. Willis, Jr., a Florida resident, died while owning real property in Polk County, Iowa. On August 23, 1985, after his will had been admitted to probate in Florida, it was admitted in Iowa as a foreign will. The defendants here, Paul D. Willis III and Adrienne D. Karns, were appointed to be co-executors.

Notice of the Iowa probate proceedings was published on August 30 and September 6. See Iowa Code § 633.40(2) (1985). On December 31 the plaintiffs filed but did not serve a petition to set aside the will, alleging fraud, undue influence, improper execution, and lack of capacity to make a will. This petition was unaccompanied by the signed verifications of the plaintiffs, but on January 31, 1986, they submitted an application for late filing of the verifications. The referee found that "[t]his application was not set for hearing and did not appear to have been brought to the attention of the court."

On March 7 the plaintiffs filed an amended petition which included signed verifications in addition to the original allegations. The original notice and amended petition were served on the defendants' attorney and on the resident executor, Adrienne D. Karns, on March 12 and 15, respectively.

The defendants then filed a motion to dismiss based on several grounds. The referee concluded that the action had not been commenced within the statutory period in Iowa Code section 633.309 and dismissed the case.

The plaintiffs next filed a notice of appeal to this court. The defendants again

moved to dismiss, this time arguing, in essence, that the plaintiffs had failed to preserve error for our review because they had not appealed first to the district court as required by Iowa Rule of Civil Procedure 214. We denied this motion via an order by a single justice. *See* Iowa R.App.P. 22.

The plaintiffs now contend the referee erred in dismissing their challenge as untimely. They assert that under Iowa Rule of Civil Procedure 48 as amended in 1975 their action was commenced simply by filing their petition in December 1985, which was within the four-month limit specified in section 633.309. The date of service of the original notice, the plaintiffs argue, is irrelevant to the issue of when the statute of limitations was tolled.

Because we find that we lack jurisdiction, we do not address the plaintiffs' contentions.

The Polk County probate referee filed a ruling denominated as "Findings of Fact and Conclusions of Law." The ruling concludes by granting the defendants' motion to dismiss and by dismissing the plaintiffs' action to set aside the will.

The referee concluded the action was not commenced in a timely manner because the plaintiffs failed to deliver, within the four-month limitation period in section 633.309, original notices to a process server for immediate service on the defendants.[1] Instead of appealing this ruling to the district court, as the defendants insist they were required to do, the plaintiffs appealed directly to this court. Because the plaintiffs bypassed the district court, the defendants argue there is nothing for us to review and we should therefore dismiss the appeal.

Iowa Code section 633.20 gives the district court authority to appoint a referee in probate. Pursuant to this statute the Fifth Judicial District appointed a referee in probate for Polk County "to serve as a master ... and [to] perform all duties required of

masters appointed by the court in civil actions (Iowa R.Civ.P. 207–214)." Rules of Practice, Dist.Court, Fifth Judicial District of Iowa, Probate R. 4(B)(1).

Iowa Rules of Civil Procedure 207 through 214 govern the use of masters in civil actions in Iowa. According to rule 207 a "master" includes a referee. A master has the power "to regulate all proceedings before him [or her]; administer oaths and to do all acts and take all measures appropriate for the efficient performance of his [or her] duties...." Iowa R.Civ.P. 209. Rule 213 requires the master to file a report on the matters submitted to him or her, including separate findings and conclusions if the court so orders.

Critical to our decision here is the following pertinent language in rule 214:

> The clerk shall forthwith mail notice of filing the report to all attorneys of record; and within ten days thereafter ... any party may file written objections to it. Application for action on said report, or objections, shall be by motion, to be heard on such notice as the court prescribes.... The court shall accept the master's findings of fact unless clearly erroneous; and may adopt, reject or modify the report wholly or in any part, or recommit it with instructions.

The rule is clear. A party who desires to challenge the report must file written objections to it within ten days after the clerk's notice is mailed. To obtain a ruling from the district court on the objections, the party must file a motion for such action. The court is thereafter obliged to set the motion for hearing.

Following the hearing, the court may agree the objections have merit. In that case the court may "reject or modify" the report accordingly. *Id.* Or the court may conclude the objections have no merit in which event it may "adopt" the report. *Id.* However the district court rules, any appeal to this court is from the court's ruling

---

1. Section 633.309 provides:

> An action to contest or set aside the probate of a will must be commenced in the court in which the will was admitted to probate within four months from the date of the second

> publication of notice of admission of the will to probate.

> We express no opinion on whether the referee was correct.

on the objections and not directly from the master's report. We reach this conclusion for two reasons.

First, our jurisdiction is from final decisions of the district court. Iowa R.App.P. 1. Had the legislature intended the reports of all referees to be final decisions for purposes of appellate review, it could easily have said so, as it did in the case of juvenile referees. The pertinent provision regarding juvenile referees is Iowa Code section 602.7103, which provides in relevant part:

2. The referee shall have the same jurisdiction to conduct juvenile court proceedings and to issue orders, findings, and decisions as the judge of the juvenile court....

3. The parties to a proceeding heard by the referee are entitled to a review by the judge of the juvenile court of the referee's order, finding, or decision, if the review is requested within ten days after the entry of the referee's order, finding, or decision.

We have interpreted the language "[t]he referee shall have the same jurisdiction to ... issue orders ... as the judge of the juvenile court" to mean that the referee can issue final decisions for purposes of appeal. *See In re D.W.K.*, 365 N.W.2d 32, 33–34 (Iowa 1985). Thus, "under [section 602.7103(2)] parties are not required to seek a juvenile court judge's review of a referee's decision in order to render it final for purposes of review." *Id.* at 34.

We find no comparable language in section 633.20, regarding probate referees, giving them concurrent jurisdiction with the district court to issue orders. Nor do we find such language in the rules of civil procedure regarding referees generally. Moreover, the language "[t]he court ... may adopt, reject or modify the report" in rule 214 strongly suggests the probate referee's report is interlocutory and not final until the district court adopts it.

Second, our analysis of rule 214 is in accord with our early decisions interpreting statutes similar to, but predating, the rule. For example, in *In re Estate of Malvin*, this court said:

The statute provides that "the trial by referee shall be conducted in the same manner as a trial by the court." Code, section 2820. By section 2821 it is provided that the report may be excepted to and reviewed in like manner as if the action had been tried by the court. Section 2830 requires conformity in proceedings before referees to the rules observed in trials to the court. Section 2831 provides: "An exception is an objection taken to a decision of the court or party acting as the court on a matter of law. The party objecting to the decision must do so at the time the same is made (but if decision is on motion, demurrer or judgment exceptions may be taken within three days) and embody his objection in a bill of exceptions...." From the foregoing statutes and decisions it clearly appears that, in order to bring up for review in this court alleged errors in the report of the referee, timely exceptions must be filed thereto in the trial court. The rule is the same as if the case had been tried to the court.

93 Iowa 169, 173, 61 N.W. 420, 421 (1894); *accord State v. American Bonding & Casualty Co.*, 213 Iowa 200, 205, 238 N.W. 726, 728 (1931) ("In order to have a review in this court of the report of the referee exceptions must be taken in the lower court within the time allowed by statute...."); *Bauder v. Hinckley*, 60 Iowa 185, 186–87, 14 N.W. 228, 229 (1882) (failure to file exceptions to referee's report in trial court pursuant to statute presents nothing for appellate review); *Roberts v. Cass*, 27 Iowa 225, 226 (1869) ("No exceptions appear to have been taken to the report of the referee or the judgment rendered thereon. Rev. § 3095. We cannot therefore review the cause.").

Although these decisions dealt with a party's failure to preserve error in a referee's report in the district court, they do support our conclusion that the probate referee's report is not final for purposes of appeal. In effect, these cases stand for the proposition that the only way a party may properly preserve error in a referee's report is to file objections to it in the district

court. As a practical matter, failure to preserve error occurs whether a party fails to object to the report in the district court or fails to object because the party bypasses the district court and appeals directly to this court.

We therefore hold that a direct appeal to this court does not lie from a probate referee's report. Before a party may invoke appellate jurisdiction regarding objections to a probate referee's report, the party must first seek review in the district court pursuant to Iowa Rule of Civil Procedure 214.

We think there are several good reasons why the district court review of a probate referee's report is not a meaningless exercise. Such a review permits correction of possible errors at the earliest time. *Roberts*, 27 Iowa at 226. In addition, not only will such a review often save parties an expensive and time-consuming appeal, but it will also provide the appellate court the benefit of the district court's reasoned decision.

The plaintiffs here appealed the probate referee's ruling directly to this court. Because the plaintiffs failed to seek review of the ruling in the district court pursuant to rule 214, we lack jurisdiction, leaving us no choice but to dismiss the appeal. *See Becker v. Gustafson*, 271 N.W.2d 738, 739 (Iowa 1978).

APPEAL DISMISSED.