In the Matter of the ESTATE OF Bessie R. PHOENIX, Deceased,

Elmer Gravitt, Appellant.

No. 91–1744.

Court of Appeals of Iowa.

Sept. 29, 1992.

J. Michael Mayer, Des Moines, for appellant.

Steven J. Oeth of Payer, Hunziker & Cossitt, Ames, for appellees coexecutors Marjorie Morrissey and Charles Ellston.

Heard by SACKETT, P.J., and HABHAB, J., and McCARTNEY, Senior Judge.*

McCARTNEY, Senior Judge.

Elmer Gravitt, a legatee of the Estate of Bessie R. Phoenix, deceased, sought to remove the coexecutors of the estate for purported self-dealing and for failing to realize income on his share. He appeals from rulings of the probate referee and of the district court which were adverse to his contentions. We affirm.

As this estate enters upon its seventh year, we are constrained to observe that it has begun to assume a characteristic of the family trusts described in *Bleak House*.[1]

Bessie R. Phoenix died on July 21, 1986. Her will was admitted to probate. Bessie had four children—Jessie Phoenix, Donald Phoenix, Marjorie Morrissey, and Pearl Gravitt. Pearl predeceased Bessie and left three surviving children—Elmer Gravitt, Richard Gravitt, and Catherine Ellston. Under the terms of the will Jessie, Donald, Marjorie, Elmer, Richard, and Catherine were each to receive one-sixth of the remainder interest in the estate. The estate was valued at approximately $195,000.

Bessie's will nominated Marjorie Morrissey and Charles Ellston to act as executors of the estate. The will gave them the power to sell any real estate or personal property belonging to the estate without prior court approval or notice to anyone.

At the time of her death Bessie owned two duplex buildings in Des Moines. The estate obtained a market analysis of the property at 3419 4th Street which suggested a market price of $29,245. The property was listed for $29,500 and was sold on installment contract to a third party in December 1986 for $27,000 from which was paid approximately $1,800 in Realtor fees. The second property was located at 3503 4th Street. The executors did not obtain a market analysis for this property because it was very similar to the other duplex.

After discussing the matter with some family members, Marjorie and her husband purchased the property at 3503 4th Street for $25,000.

On September 4, 1987, Elmer and Richard filed a petition to remove the executors. There is some question as to whether the executors received notice of the petition. The final report in the estate was filed on September 23, 1987, and the matter was set for a hearing on October 6, 1987. At that time the parties became aware of the petition. The executors then filed an answer.

There ensued many delays and continuances. A hearing on the petition to remove the executors was held on June 26, 1990, before a referee in probate. The referee issued her findings of facts and conclusions on September 24, 1990. The referee concluded:

> As to the other property which was sold to Co–Executor, Marjorie Morrissey and her husband, the Court does not necessarily condone the sale of property to the Morrisseys in view of the fact that she was a Co–Executor without either approval of the Court in spite of the wording of the Will, or upon approval of the beneficiaries of the estate. However, it appears that there was consultation with beneficiaries of the estate before the sale was consummated and while perhaps not all beneficiaries were consulted, it appears that the majority of those in interest did consent and have not raised objections at the time of closing the estate or at the time the sale was consummated. Therefore the allegations of the petitioners on that point are denied.

Richard did not proceed any further with the case, but on October 4, 1990, Elmer filed a motion to amend and enlarge the referee's report. The district court denied the motion on October 30, 1990. On November 9, 1990, Elmer filed objections to the referee's findings in district court. He also raised an additional and new issue concerning the estate's placement of its

---

* Senior Judge from the 2nd Judicial District serving on this court by order of the Iowa Supreme Court.

1. In this novel by Charles Dickens, successive generations of lawyers litigated the trusts over many years.

checking account in a noninterest-bearing account. The district court affirmed the report of the referee and denied Elmer's objections to the checking account.

■ I. A petition for removal of a fiduciary is triable as an equitable action and upon appeal review is de novo. *In re Estate of Lovell,* 344 N.W.2d 576, 578 (Iowa App.1983). A court has broad discretion in the matter of removing an executor or administrator. *Id.* The burden to show wrongful conduct which suffices to remove a fiduciary is upon those so asserting. *In re Estate of Wiese,* 257 N.W.2d 1, 7 (Iowa 1977).

■ II. We first address the estate's contention that Elmer has not preserved error in this case. Under Iowa Rule of Civil Procedure 214 a party must file in district court written objections to a referee's report within ten days after the clerk's notice is filed. *In re Estate of Willis,* 418 N.W.2d 857, 858 (Iowa 1988). The only way a party may properly preserve error in a referee's report is to file objections to it in the district court. *Id.* at 859–860.

■ It is clear that Elmer did not file his objections to the referee's report within ten days after the report was filed. Elmer claims, however, that his motion pursuant to rule 179(b) should toll the time for filing objections. We agree. Elmer's rule 179(b) motion was timely because it was filed within ten days after the referee's report. Furthermore, his objections were filed within ten days after the ruling on his motion.

III. We next address Elmer's claim that the executors breached their fiduciary duty to the estate by allowing Marjorie to purchase property of the estate without adequate notice to the heirs and permission of the court.

■ A duly-appointed executor is a fiduciary and is frequently referred to as a trustee for all interested parties. *In re Estate of Wiese,* 257 N.W.2d 1, 3 (Iowa 1977). Iowa Code section 633.155 (1981) provides:

No fiduciary shall in any manner engage in self-dealing, except on order of court after notice to all interested persons, and shall derive no profit other than the fiduciary's distributive share in the estate from the sale or liquidation of any property belonging to the estate.

Section 633.155 was considered in the case of *In re Estate of Klein,* 229 N.W.2d 753, 754 (Iowa 1975). The executor there joined her husband in the purchase of estate property at an auction. *Id.* The heirs were aware of the sale. *Id.* *Klein* was limited to its facts in *Coster v. Crookham,* 468 N.W.2d 802 (Iowa 1991), where a trustee used trust property as a pledge to obtain a loan. The trustee was held responsible for any profits made as a result of the loan. Additionally, in the case of *Bettendorf v. Bettendorf,* 190 Iowa 83, 111, 179 N.W. 444, 456 (1920), which was decided before section 633.155 was enacted, the court looked at the factors of acquiescence and adequate purchase price to determine whether an executor had breached his fiduciary duty by purchasing estate property.

■ Here the coexecutors sought advice from their attorney who told them such sale was appropriate under the circumstances. The evidence shows Marjorie paid market value for the property at 3503 4th Street. The property at 3419 4th Street which was appraised for $29,250 sold for $27,000 on installment contract, but the estate was required to pay Realtor fees of $1,890, leaving a net purchase price of $25,-110. Marjorie paid $25,000 for the property at 3503 4th Street, and no Realtor fees were incurred. There was also substantial evidence the property at 3503 4th Street was in poorer condition than the property at 3419 4th Street.

The price paid therefore was fair and comparable to the price received on contract for 3419 4th Street, most of the legatees (five of six) are agreeable to the sale, and the fiduciaries sought legal advice before proceeding. We agree with the referee and district court that the executors did not breach their duties to the extent necessary to remove them from office.

■ IV. Elmer also contends the executors should be liable for interest lost on his

portion of the estate when they moved certain funds from an interest-bearing account to a noninterest-bearing account.

The district court found the account was converted to a noninterest-bearing account when it appeared the estate was to be closed and later returned to an interest-bearing account when litigation developed. We conclude the executors' actions did not violate the standards imposed by section 633.123. We affirm the district court's denial of Elmer's claim for lost interest.

After examining all of the issues raised in this appeal, we affirm the district court and the probate referee. Costs are taxed one-half to the appellant and one-half to the estate.

AFFIRMED.