**In the Matter of the GUARDIANSHIP OF B.J.P., Minor Child,**

**J.P., Appellant.**

**No. 99–937.**

Supreme Court of Iowa.

July 6, 2000.

Catherine K. Levine, Des Moines, for appellant.

Martha L. Johnson, Des Moines, for minor child.

CADY, Justice.

Janet Peek seeks further review of a decision by the court of appeals dismissing her appeal from an order by an associate probate judge terminating a guardianship. The court of appeals determined it had no jurisdiction to hear the appeal. We vacate the decision of the court of appeals and affirm the decision of the district court.

## I. Background Facts and Proceedings.

On July 13, 1992, the probate court appointed Janet Peek guardian of a young child whom we identify as B.J.P. The petition for guardianship was filed by Janet and included the consent of B.J.P.'s mother.

B.J.P. was born on June 21, 1989, and was the first of two children born from an incestuous relationship between Janet's son and one of her teenage daughters. B.J.P. has severe mental and physical disabilities, including cerebral palsy. Janet's son also impregnated his other teenage sister, resulting in the birth of an additional child. The incest occurred while Janet's children lived in her home.

On September 18, 1996, B.J.P. (as well as other children fathered by Janet's son) was removed from the Peek home by the juvenile court and placed in foster care. The removal followed an adjudication by the juvenile court that the children were in need of assistance based on a failure to provide the children reasonable care and supervision.

On April 30, 1998, the juvenile court terminated the parent-child relationship between Janet's son and daughter and B.J.P. The juvenile court also placed B.J.P. in the custody of the Department of Human Services for the purposes of adoption. Additionally, it granted the probate court concurrent jurisdiction under Iowa Code section 232.3(2) (1997) to terminate the guardianship.

On June 1, 1998, the court-appointed guardian ad litem for B.J.P. filed a petition in probate court to terminate the guardianship established by Janet in 1992. Following a hearing on July 7, 1998, an associate probate judge entered an order granting the petition for termination of the guardianship of B.J.P. No evidence was presented at the hearing.

Janet filed a petition to vacate the order and moved for a new trial asserting she was entitled to a full evidentiary hearing. The probate court denied the petition.

Janet appealed from the order terminating the guardianship. She claimed the probate court erred by failing to permit her to introduce evidence at the hearing. We transferred the case to the court of appeals. It found it lacked jurisdiction because Janet failed to first appeal the order of the associate probate judge to the district court. Janet sought further review from the decision by the court of appeals.

## II. Scope of Review.

Our scope of review is dictated by how the case was tried before the district court. *See Collins Trust v. Allamakee County Bd. of Supervisors*, 599 N.W.2d 460, 463 (Iowa 1999). Iowa Code section 633.33 governs the nature of probate proceedings. It states,

> Actions to set aside or contest wills, for the involuntary appointment of guardians and conservators, and for the establishment of contested claims shall be triable in probate as law actions, and all other matters triable in probate shall be tried by the probate court as a proceeding in equity.

Iowa Code § 633.33. Actions for the termination of a guardianship constitute "other matters triable in probate," and are equitable in nature. *See In re Guardianship of Sams*, 256 N.W.2d 570, 572 (Iowa 1977). We review equitable actions de novo. Iowa R.App. P. 4.

## III. Jurisdiction of the Associate Probate Judge.

We have jurisdiction of appeals from final decisions of the district court. Iowa R.App. P. 1(a). Thus, we must determine if an order entered by an associate probate judge terminating a guardianship constituted a final decision of the district court. This requires us to examine our statutes to determine if the legislature granted an associate probate judge jurisdiction to enter final judgments in guardianship actions.

The district court "sitting in probate" is granted jurisdiction over all probate actions, including conservatorship and guardianship proceedings. Iowa Code §§ 633.10(3), .13. However, the district court is authorized to appoint a referee to audit "accounts of fiduciaries" and perform "other ministerial duties in probate proceedings." *Id.* § 633.20(1). We have previously determined this statutory language does not grant jurisdiction to probate ref-

erees to enter final judgments of the district court. *In re Estate of Willis*, 418 N.W.2d 857, 860 (Iowa 1988). In *Willis*, we found the governing statute contained no language expressly granting jurisdiction to referees to enter final decisions for the purposes of appellate review. *Id.* at 859–60. We further observed our rules of civil procedure suggest that decisions by referees were not final until adopted by the district court. *Id.* Additionally, we observed that referees were included within the definition of a master under the rules of civil procedure, and those rules, as well as our earlier decisions interpreting similar rules, indicated that referee reports were not final judgments. *Id.* at 858–59.

The court of appeals relied on our holding in *Willis* to conclude in this case that it had no jurisdiction to hear the appeal because the order by the associate probate judge had not been reviewed by the district court. However, section 633.20 was amended following our decision in *Willis*. *See* 1993 Iowa Acts ch. 70, § 11. The amendment did not alter the authority of the district court to appoint referees in probate to perform ministerial duties, but granted the chief judge of the district authority to appoint an associate probate judge. *See* Iowa Code § 633.20(3). The associate probate judge was not only given "jurisdiction" which mirrored the authorized acts of a referee, but was also granted "jurisdiction" to perform "judicial functions as the court prescribes." *Id.* Thus, we must decide if this statutory language gives an associate probate judge jurisdiction to enter final judgments for the purposes of appellate review.[1]

We have previously determined our legislature granted juvenile court referees jurisdiction to enter final decisions for the purposes of appeal. *See In re D.W.K.*, 365 N.W.2d 32, 34 (Iowa 1985). In *D.W.K.* we found the statutory language defining the

---

1. There is no claim that the associate probate judge in this case was not authorized by the court to hear a petition to terminate a guardianship and order termination.

authority of a juvenile court referee granted referees concurrent district court jurisdiction. *Id.* at 33–34. The statute specified the juvenile court referee had "the same jurisdiction to ... issue orders ... as the judge of the district court." *Id.* Similarly, we recently held that a hospitalization referee had statutory authority to enter final decisions for the purposes of appellate review. *In re Melodie L.,* 591 N.W.2d 4, 7 (Iowa 1999). The statute establishing hospitalization referees provides that orders entered in the discharge of their duties had the "same force and effect as if ordered by a district judge." *Id.; see* Iowa Code § 229.21(2).

A review of our probate code reveals the legislature created two separate positions within the umbrella of the district court probate jurisdiction. *Compare* Iowa Code § 633.20(1), *with id.* § 633.20(3). A referee is authorized to assist the district court in ministerial probate matters. *Id.* § 633.20(1). In doing this, the legislature refrained from describing the duties of a referee in the context of a grant of jurisdiction. *Id.* Instead, referees are considered to be masters, and subject to the rules of civil procedure which include review by the district court. *See* Iowa Rs. Civ. P. 207–13.

On the other hand, section 633.20(3) reveals our legislature created the position of associate probate judge separate from the position of referee. More importantly, the duties of an associate probate judge are specifically described in the context of "jurisdiction," which expresses authority to perform duties of the district court beyond mere ministerial functions. *See* Iowa Code § 633.20(3). Additionally, the legislature has failed to establish a procedure for the district court to review orders by an associate probate judge. As in *D.W.K.* and *Melodie L.,* this indicates orders by an associate probate judge are final. Finally, our legislature has specified that appeals from orders by district associate judges exercising any jurisdiction of the district court are governed by the law relating to appeals from orders by the district court. *Id.* § 602.6306(4). This reveals a general legislative scheme for orders entered by associate judges within the district court to be final orders for the purpose of appellate review. We conclude this case is properly before us on appellate review.

## IV. Termination of Guardianship.

■ We next consider the merits of the claim by Janet that she was deprived of a meaningful hearing when the probate court failed to permit her to submit evidence to show the guardianship of B.J.P. should not be terminated despite the order by the juvenile court transferring custody to the Department of Human Services for adoption.

■ The probate court in this case did provide Janet with a hearing prior to ordering the termination of the guardianship. Janet appeared at the hearing and was represented by counsel. Thus, the issue is whether Janet had a right to submit evidence. Although the governing statute does not require an evidentiary hearing, the claim has due process implications. Due process not only requires a hearing, but a "hearing appropriate to the nature of the case." *Quality Refrigerated Servs., Inc. v. City of Spencer,* 586 N.W.2d 202, 205 (Iowa 1998) (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656–57, 94 L.Ed. 865, 873 (1950)).

Iowa Code section 633.675 sets forth the grounds for the termination of a guardianship including a determination by the court that the guardianship is "no longer necessary" for any reason. *See* Iowa Code § 633.675(4). Normally, evidence would be necessary for the probate court to terminate a guardianship in a contested proceeding. In this case, however, the custody and guardianship of the ward had been transferred to the Department of Human Services by the juvenile court for the purposes of adoption or other permanent placement. *See id.* § 232.117(5). We have reviewed the duties and powers of a guard-

ian and are unable to discern any purpose for the continuation of a prior guardianship under these circumstances. *See id.* § 633.635(1), (2) (responsibilities of a guardian).

Janet claimed the hearing should have provided her an opportunity to present evidence of the special needs of B.J.P. and her ability to meet those needs as a guardian. However, the juvenile court was required to transfer guardianship and custody of B.J.P. after it terminated parental rights for the purposes of adoption or other permanent placement. *Id.* § 232.117(3), (5). The juvenile court did this by ordering guardianship and custody of B.J.P. transferred to the Department of Human Services. Thus, the issue Janet sought to litigate in probate court through the introduction of evidence of her ability to meet the special needs of B.J.P. had been decided by the juvenile court. After the juvenile court ordered the termination of parental rights and selected the guardian and custodian to carry out the adoption, the only action to be taken by the probate court was to terminate the prior guardianship. Under the circumstances of this case, the probate court provided Janet with an appropriate hearing and properly terminated the guardianship.

### V. Conclusion.

We vacate the decision of the court of appeals and affirm the decision of the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except NEUMAN, J., who takes no part.