# IN THE COURT OF APPEALS OF IOWA

No. 16-1598
Filed March 22, 2017

**IN RE THE MATTER OF THE**
**GUARDIANSHIP OF L.O. and D.O.**

**HEIDI LYNN ORTMANN,**
    Petitioner-Appellant.

_____

Appeal from the Iowa District Court for Plymouth County, Duane E. Hoffmeyer, Judge.

A mother appeals the probate court's decision denying her request to terminate a guardianship of her minor children. **AFFIRMED.**

Tara S. Vonnahme of Vonnahme Law, P.C., Sioux City, for appellant.

Kelsey Bauerly Langel of Trotzig & Bauerly, P.L.C., LeMars, and Jenny L. Winterfeld of Winterfeld Law, P.L.C., Sioux Center, for appellees.

Joseph W. Kertels, Sioux City, guardian ad litem.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A mother appeals the district court's decision denying her request to terminate the guardianship of her minor children. The mother claims the district court improperly refused to apply the parental preference, violated her fundamental right to parent, and applied the incorrect burden of proof. We find the district court properly found the parental preference had been weakened or eliminated, did not violate the fundamental right to parent, and determined the correct burden of proof. Therefore, we affirm.

## I. Background Facts and Proceedings

The mother placed L.O. and D.O. in a guardianship with their paternal aunt in 2014. The guardianship was established at the suggestion of the mother's attorney as, according to the mother, "she was told she could opt to voluntarily place the children into a guardianship . . . allowing her to get her children back if she turned her life around, or face potential termination proceedings." The guardianship was not opposed by any party, and the juvenile court case was closed. The guardianship case was opened in the district court.

Since the establishment of the guardianship, the mother has made progress. The district court found she has been "clean and sober and employed." She also has stable housing and a valid driver's license. The mother has paid child support throughout the guardianship. However, at times during the guardianship, the mother continued to have significant issues. She was convicted of operating while intoxicated, and driving while her license was suspended, had her parole and work release revoked, and admitted to continued use of marijuana for several months after the guardianship was established.

The guardians have limited, and at times prohibited, contact between the mother and her children. The mother's family is allowed contact, but any contact between the mother and the children has been closely scrutinized by the guardians.

The mother petitioned for termination of the guardianship and parenting time in February 2016. After trial, the district court denied the termination of the guardianship but granted limited visitation once a month. The mother now appeals.

## II. Standard of Review

Actions to terminate guardianships are equitable in nature. *In re Guardianship of B.J.P.*, 613 N.W.2d 670, 672 (Iowa 2000). Equitable actions are reviewed de novo. Iowa R. App. P. 6.907. We give weight to the factual findings of the district court but we are not bound by them. *In re Guardianship of Stewart*, 369 N.W.2d 820, 822 (Iowa 1985).

## III. Error Preservation

The mother failed to state in her brief how error was preserved on all issues. We determine, however, each issue raised has been preserved for our review. The order the mother appeals contained rulings on all three issues and those issues were raised before the district court. *See Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 883 (Iowa 2014) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.") (citation omitted).

## IV. Parental Preference

### a. Application to Guardianships Originating in Juvenile Court

The mother claims the juvenile court erred by failing to apply a statutory preference to make a suitable parent the guardian. The mother admits the preference is rebuttable. *See Hulbert v. Hines*, 178 N.W.2d 354, 361 (Iowa 1970). Our supreme court has held parents "should be encouraged to look for help with the children, from those who love them without the risk of thereby losing the custody of the children permanently." *Painter v. Bannister*, 140 N.W.2d 152, 156 (Iowa 1966). This is certainly correct. Parents should be encouraged and empowered to take steps to protect their children and improve themselves and their ability to parent when they recognize an inability to protect or provide for their children. "Additionally we note the law is well established that surrender of the custody by [a child's] parents is presumed temporary unless the contrary is made to appear by proof, clear, definite and certain." *Doan Thi Hoang Anh v. Nelson*, 245 N.W.2d 511, 516 (Iowa 1976). The record clearly indicates the surrender here was understood to be temporary. In determining where to place the child "the court must consider the long-range interest as well as the immediate interest of the child." *In re Guardianship of Knell*, 537 N.W.2d 778, 781 (Iowa 1995).

However, in this case, the "court's jurisdiction over the child's guardianship was established . . . in accordance with [a permanency order]." Iowa Code §633.559 (2015). Section 633.559 applies the natural parent preference only if the court's jurisdiction is not established by a transfer from juvenile court. The

parental preference can also be eliminated or weakened if the transfer of custody is not taken "in a time of need." *Knell*, 537 N.W.2d at 782 (Iowa 1995).

We agree with the district court finding there is no parental preference in this case. The district court found the mother "did not agree to this guardianship voluntarily 'in a time of need.'" Rather, the guardianship was only established "when she was faced with time limitations that required action by the court that included the possibility/probability her parental rights may be terminated." A last ditch effort to avoid the possibility of termination is not "taken in a time of need" as contemplated by our case law. The guardianship was simply an attempt to delay or avoid an adverse outcome. While we applaud the mother's progress, we cannot afford her the advantages of the parental preference.

### b. Fundamental Right to Parent

The mother next claims any weakening or elimination of the parental preference violates her fundamental right to parent her children. She points to various issues, including lack of access to medical and educational records, limited visitation, and no parenting time. The Supreme Court has held a parent may not be denied custody without a judicial finding the parent is unfit. *Stanley v. Illinois*, 405 U.S. 645 (1972). The mother claims she was never found unfit by any trier of fact, her rights have not been terminated, and she is current on her child support obligations.

We find the mother has been found to be unfit. The juvenile case ended in a permanency hearing finding the children could not be returned to her care and confirming the guardianship. The district court noted this permanency hearing in its decision to continue the guardianship. Additionally, the mother has

not provided any case law supporting her claim. While she has cited cases establishing the right to parent, there are no cases suggesting the parental preference cannot or should not be weakened or eliminated.

## V. Burden of Proof

Finally, the mother claims the district court applied an improper standard of review. She claims the standard of review to terminate guardianships when termination has not been previously litigated is that the parent requesting termination must make a prima facie showing of suitability as a parent and then the guardian must prove the parent is unsuitable to avoid termination of the guardianship. *See* Iowa Code § 633.675(1)(c); *see also In re Guardianship of Roach*, 478 N.W.2d 212, 213-14 (Iowa Ct. App. 2009.) While it is a correct statement of law, the facts of this case require a different burden of proof.

If a guardian was appointed due to the transfer of the case pursuant to Iowa Code section 232.101A, as this case was, "the court shall not enter an order terminating the guardianship before the child becomes age eighteen unless the court finds by clear and convincing evidence that the best interests of the child warrant a return of custody to the child's parent." Iowa Code § 633.675(2). While the mother may have established a prima facie case, we find she did not present "clear and convincing evidence" warranting termination of the guardianship. We find the district court applied the proper burden of proof. Accordingly, we affirm.

**AFFIRMED.**