# IN THE SUPREME COURT OF IOWA

No. 15–2213

Filed May 5, 2017

**IN THE MATTER OF M.W.,** Alleged to be Seriously Mentally Impaired,

**M.W.,**

Appellant.

___

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Johnson County, Christine Boyer, Judicial Hospitalization Referee and Marsha Bergan, District Court Judge.

A patient involuntarily committed by a judicial hospitalization referee's order appeals his commitment. **DECISION OF COURT OF APPEALS VACATED; APPEAL DISMISSED.**

Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellant State.

Willie E. Townsend, Coralville, for appellee.

**WIGGINS, Justice.**

The State seeks further review following the court of appeals decision vacating the judicial hospitalization referee's involuntary hospitalization order. *See* Iowa Code ch. 229 (2015). The State challenges the court of appeals' conclusion that it had jurisdiction to hear the appeal. We vacate the decision of the court of appeals and dismiss the appeal because neither the referee's order issued on December 8, 2015, nor the district court's order issued on December 9 are appealable as a matter of right pursuant to Iowa Rules of Appellate Procedure 6.103.

## I. Background Facts and Proceedings.

M.W. is an adult who has a history of mental illness. Beginning in July 2014, M.W.'s guardian had him hospitalized for over a year at the University of Iowa Hospitals and Clinics (UIHC). In 2015, M.W.'s guardian placed him in Chatham Oaks, an Iowa City residential care facility. On December 4, M.W. attempted to return to the UIHC by walking approximately three miles through freezing temperatures while dressed unsuitably for the weather. After arriving at the UIHC, M.W. refused medications. A doctor at the UIHC, who was familiar with M.W. from the previous hospitalization, began involuntary commitment proceedings in order to compel treatment.

The court scheduled a hearing for December 8. M.W. was served with a notice for the hearing but his guardian was not. The hearing was held on December 8. M.W.'s attorney moved to continue the hearing because the guardian had not been notified and was not present. The judicial hospitalization referee denied the motion, found M.W. was seriously mentally impaired, and ordered M.W. committed to the UIHC.

M.W.'s attorney appealed to the district court from the denial of his motion to continue. On December 9, the district court held a brief hearing on the appeal and issued a ruling that same day. The district court determined that the referee did not abuse her discretion in denying M.W.'s motion to continue and declined to remand the case to the referee for another hearing. The district court further concluded Iowa Code chapter 229 does not require a guardian be served with a notice before the hearing, explaining such a notice would be contrary to the purpose of the time requirement in chapter 229 and delay a respondent's return to either liberty or essential mental health treatment. Finally, the court noted M.W. had the right to challenge the ruling, as well as all of the other rulings of the referee at a de novo hearing on the record before the district court. Accordingly, the district court scheduled a de novo hearing for December 22.

On December 18, however, the UIHC requested M.W.'s release from involuntary hospitalization. The UIHC stated M.W. was compliant with his medications, and his guardian agreed with the new treatment plan. The district court thus dismissed the case. On December 21, M.W.'s attorney filed a withdrawal of appeal, stating, "[T]here is no reason to continue the legal process at the district court level, but will continue at the appellate court level." The court did not cancel the December 22 hearing, and when the parties did not appear, the district court entered an order stating that "the hearing in this matter [was] not pursued before the district court," and therefore, the court would take no further action in the matter.

On December 23, M.W. filed a notice of appeal to the supreme court indicating he was appealing the December 8 referee order and the December 9 district court order. On our own motion, we ordered the

parties to file statements on jurisdiction. We explained that we were "concerned as to whether [we have] jurisdiction over the respondent's appeal" because M.W. filed a withdrawal of appeal to the district court on December 21, and no one appeared at the December 22 hearing.

After receiving the parties' statements, we ordered the appeal proceed to briefing, but directed the parties to further develop their arguments on jurisdiction and mootness. We then transferred the case to the court of appeals. The court of appeals held that it had jurisdiction over the appeal because the referee's order of commitment was a final appealable order. The court of appeals also held that, although the case was moot because the district court had already dismissed the commitment proceedings against M.W., it found exceptions to the mootness doctrine. Finally, the court of appeals held M.W.'s guardian was entitled to notice of the commitment proceedings and thus vacated the referee's order.

The State applied for further review, which we granted.

## II. Issue.

M.W. raises several issues on appeal. Our first duty is to determine whether we have jurisdiction to consider and decide the appeal on its merits. *Lloyd v. State*, 251 N.W.2d 551, 558 (Iowa 1977). We find that jurisdiction is dispositive of this appeal, and therefore, we do not reach the merits.

## III. Jurisdiction.

M.W. appeals two separate rulings made in the trial court. First, he appeals the referee's order of December 8, denying the motion to continue and committing M.W. to the UIHC after finding he was seriously mentally impaired. Second, he appeals the district court's order of December 9, affirming the denial of the continuance.

The State contends appellate jurisdiction is lacking because M.W. abandoned appellate review when he withdrew his appeal to the district court on December 21 and failed to appear at the hearing on December 22. The State argues that the referee's order is not a final appealable order because Iowa Code section 229.21(3) provides that respondents are to appeal such orders to the district court. The State also argues that the district court ruling of December 9 is not a final or interlocutory order for the purpose of appellate review.

**A. The Referee's December 8 Order.** M.W. asked the referee to continue the hearing on December 8 because no one served M.W.'s guardian with notice of the hearing. The referee denied the continuance, concluding there was no requirement the guardian be served before the hearing. The referee then decided the merits and committed M.W. to the UIHC after finding he was seriously mentally impaired. M.W. is appealing this order directly to the supreme court.

Under our appellate rules, we have jurisdiction to review "[a]ll final orders and judgments of the district court involving the merits or materially affecting the final decision." Iowa R. App. P. 6.103; *see also In re Melodie L.*, 591 N.W.2d 4, 7 (Iowa 1999). Thus, our task is to determine whether the denial of the continuance and the commitment order by the referee constituted a final judgment of the district court for the purpose of bringing an appeal to this court.

Iowa Code section 229.21 prescribes the general procedures for an involuntary hospitalization hearing before a judicial hospitalization referee.

> When an application for involuntary hospitalization . . . is filed with the clerk of the district court in any county for which a judicial hospitalization referee has been appointed, and no district judge, district associate judge, or magistrate

> who is admitted to the practice of law in this state is accessible, . . . [t]he referee shall discharge all of the duties imposed upon the court by sections 229.7 to 229.22 . . . in the proceeding so initiated. Subject to the provisions of subsection 4, orders issued by a referee, in discharge of duties imposed under this section, shall have the same force and effect as if ordered by a district judge.

Iowa Code § 229.21(2).

Iowa Code section 229.21(3) governs the process for requesting an appeal to the district court.

> Any respondent with respect to whom the magistrate or judicial hospitalization referee has found the contention that the respondent is seriously mentally impaired . . . may appeal from the magistrate's or referee's finding to a judge of the district court by giving the clerk notice in writing, within ten days after the magistrate's or referee's finding is made, that an appeal is taken.

*Id.* § 229.21(3)(*a*).

> An order of a magistrate or judicial hospitalization referee with a finding that the person is seriously mentally impaired . . . shall include the following notice, located conspicuously on the face of the order:
>
>> NOTE: The respondent may appeal from this order to a judge of the district court by giving written notice of the appeal to the clerk of the district court within ten days after the date of this order. The appeal may be signed by the respondent or by the respondent's next friend, guardian, or attorney. For a more complete description of the respondent's appeal rights, consult section 229.21 of the Code of Iowa or an attorney.

*Id.* § 229.21(3)(*b*). "When appealed, the matter shall stand for trial de novo. Upon appeal, the court shall schedule a hospitalization or commitment hearing before a district judge at the earliest practicable time." *Id.* § 229.21(3)(*c*). The Code further provides that in addition to a referee's order finding a "respondent is seriously mentally impaired" pursuant to section 229.21(3)(*a*), "[a]ny respondent with respect to whom the magistrate or judicial hospitalization referee has held a placement

hearing and has entered a placement order may appeal the order to a judge of the district court." *Id.* at § 229.21(3)(*d*).

M.W. contends he was not required to appeal to the district court before seeking review from our court, relying in part on our decision in *Melodie L.*, 591 N.W.2d 4. In *Melodie L.*, we considered the authority of a hospital referee to dismiss a proceeding in response to a request by a patient. *Melodie L.*, 591 N.W.2d at 7.

The hospital referee found Melodie L. to be seriously mentally impaired after a hearing. *Id.* at 5. After being hospitalized for several months, the referee reviewed Melodie L.'s condition and ordered her transferred to a group home. *Id.* at 6. After Melodie L. was transferred, she filed an application to be released from inpatient treatment. *Id.* The referee held a hearing and found insufficient evidence that Melodie L. continued to be seriously mentally impaired, and the referee ordered her released. *Id.* The county attorney filed an appeal of that order to the district judge, who dismissed the case for lack of jurisdiction. *Id.* The county attorney then appealed both the district court's ruling on the lack of jurisdiction for appeal and the decision of the judicial referee to the supreme court. *Id.*

On appeal, Melodie L. claimed the applicant in an involuntary commitment proceeding has no statutory right to appeal a decision to the district court judge, and thus, the district court judge was correct in finding no jurisdiction. *Id.* We agreed with Melodie L. that Iowa Code section 229.21(3) only allowed the respondent to appeal the referee's decision to the district court, not the applicant. *Id.*

With respect to the county attorney's appeal from the referee's order itself, however, we held the supreme court had jurisdiction over the appeal. *Id.* at 7. We concluded that the referee's order for Melodie L. to

be released was a final order or judgment. *Id.* We explained that referee orders are final orders because the statute grants them the "same force and effect as if ordered by a district judge." *Id.* (quoting Iowa Code § 229.21(2)). Further, we held that because the legislature did not provide for district court review of orders entered by referees, except for commitment orders under section 229.21(3), the "lack of review reveals that an order for dismissal by the referee constitutes a final judgment for the purposes of appeal." *Id.* Thus, we found the appeal to be properly before us. *Id.*

*Melodie L.* is distinguishable from this case because this appeal by the respondent, M.W., falls under section 229.21(3), whereas the applicant's appeal in *Melodie L.* did not. The legislature has provided for district court review of a respondent's appeal of a referee's commitment or placement order. *See* Iowa Code § 229.21(3)(*a*), (*d*). In this case, there is no lack of review to justify constituting a referee's order a final judgment for the purposes of appeal as we held in *Melodie L.* Thus, the jurisdiction of this appeal lies within the district court and not our court.

To support our conclusion in *Melodie L.*, we cited two cases in which we previously considered whether "juvenile court referees and probate referees could issue final decisions for the purpose of appeal." *Melodie L.*, 591 N.W.2d at 7. In regards to juvenile court referees, we held they "had concurrent jurisdiction to issue a final decision for the purposes of appeal since our legislature, in defining the authority of a referee, specified the referee had 'the same jurisdiction to . . . issue orders . . . as the judge of the juvenile court.'" *Id.* (quoting *In re D.W.K.*, 365 N.W.2d 32, 33–34 (Iowa 1985)); Iowa Code § 602.7103(2) (Supp. 1983). With respect to probate referees, on the other hand, we found the governing statute did not contain similar language expressly granting

probate referees jurisdiction to enter final decisions for the purpose of appeal. *Melodie L.*, 591 N.W.2d at 7 (citing *In re Estate of Willis*, 418 N.W.2d 857, 859–60 (Iowa 1988)).

In the case *In re Guardianship of B.J.P.*, 613 N.W.2d 670 (Iowa 2000), we did not disturb our decision in *Willis*, but held the legislature granted associate probate judges the same jurisdiction as referees in addition to " 'jurisdiction' to perform 'judicial functions as the court prescribes,' " giving associate probate judges jurisdiction to enter final judgments for the purpose of appellate review. *Id.* (quoting Iowa Code § 633.20(3) (1997)). To support our holding, we noted that "we recently held that a hospitalization referee had statutory authority to enter final decisions for the purposes of appellate review" and mentioned that section 229.21(2) provides a referee's orders have the "same force and effect as if ordered by a district judge." *Id.* at 673 (quoting *Melodie L.*, 591 N.W.2d at 7); Iowa Code § 229.21(2) (2015)). In finding that orders of the associate probate judges are final for the purpose of appellate review, we also reasoned the legislature had "failed to establish a procedure for the district court to review orders by an associate probate judge," and "[a]s in *D.W.K.* and *Melodie L.*, this indicates orders by an associate probate judge are final." *Guardianship of B.J.P.*, 613 N.W.2d at 673.

Importantly, the legislature has provided for district court review of a judicial hospitalization referee's commitment or placement order when a respondent appeals. *See* Iowa Code § 229.21(3)(*a*), (*d*). This indicates that an order by a judicial hospitalization referee is not final when a respondent appeals from it. Therefore, a respondent's remedy is an appeal to the district court as provided by section 229.21(3).

We find support for our conclusion that the respondent in this case must appeal the referee's order to the district court when considering other areas of our law in which the district court has appellate jurisdiction. For example, in the establishment and improvement of drainage districts, "Any person aggrieved may appeal from any final action of the board in relation to any matter involving the person's rights, to the district court of the county in which the proceeding was held." Iowa Code § 468.83(1).

In the assessment and valuation of property,

> Appeals may be taken from the action of the local board of review with reference to protests of assessment, to the district court of the county in which the board holds its sessions . . . . Appeals may be taken from the action of the property assessment appeal board to the district court of the county where the property which is the subject of the appeal is located within twenty days after the letter of disposition of the appeal by the property assessment appeal board is postmarked to the appellant. . . . The assessor shall have the same right to appeal and in the same manner as an individual taxpayer, public body, or other public officer as provided in section 441.42.

*Id.* § 441.38(1).

Finally, in the appeal of simple misdemeanors,

> A party takes an appeal by giving notice orally to the magistrate at the time judgment is rendered that the party appeals or by filing with the clerk of the district court not later than ten days after judgment is rendered a written notice of appeal.

Iowa R. Crim. P. 2.73(1). In all of these contexts, as in section 229.21(3), the Code prescribes appellate jurisdiction within the district court for certain parties and does not provide an avenue for appellants to bypass that jurisdiction.

**B. The District Court's December 9 Order.** In his appeal of the referee's order of December 8 to the district court, M.W. asked the district court for the following relief:

> WHEREFORE, the Respondent in this matter requests the court grant his motion to continue and require the Guardian to be properly served in this matter and a hearing to be conducted at the Referee level where the Guardian may be heard.

In its ruling, the district court held Iowa Code chapter 229 does not require that a guardian be served with a notice before the hearing; thus, the referee did not abuse her discretion in denying M.W.'s motion to continue. The district court also found M.W. had the right to challenge the ruling, as well as all of the other rulings of the referee at a de novo hearing on the record before the district court. The district court judge scheduled a de novo hearing for December 22.

The issue here is whether the district court's December 9 order is a final order allowing for an appeal under Iowa Rule of Appellate Procedure 6.103.

> A final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position. A ruling or order is interlocutory if it is not finally decisive of the case.

*Johnson v. Iowa State Highway Comm'n*, 257 Iowa 810, 812, 134 N.W.2d 916, 918 (1965).

The district court judge acknowledged her decision was not a final decision on the issues. She specifically noted in her ruling that M.W. had the right to challenge the ruling, as well as all of the other rulings of the referee at the December 22 hearing. Therefore, we find the district court order of December 9 is not a final order that M.W. can appeal as a

matter of right. M.W. can only appeal the district court order of December 9 if it is appealable as an interlocutory order.

Our appellate rules allow us to treat a notice of appeal as an application for interlocutory appeal. Iowa R. App. P. 6.108. In the past, when a party has filed a notice of appeal from an interlocutory order, we have treated the notice of appeal as an application for interlocutory appeal, granted the application, and decided the appeal. *Sweeney v. City of Bettendorf*, 762 N.W.2d 873, 876–77 (Iowa 2009). The State claims the December 9 order is not appealable as an interlocutory order. However, we need not reach this issue because the case is no longer pending in the district court.

On December 21, M.W. withdrew his appeal to the district court after the UIHC discharged him from its care. When a party abandons an appeal, he or she can no longer prosecute the appeal for the appellate court has lost jurisdiction of the matter. *Dewey v. Pierce*, 69 Iowa 81, 82–83, 28 N.W. 445, 445 (1886). Here, the district court was the appellate court. When M.W. withdrew his appeal, the district court lost jurisdiction, and the case was no longer pending in the district court. Granting M.W. an interlocutory appeal is no longer feasible because M.W.'s case is no longer being prosecuted in the district court.

Accordingly, the December 9 district court order is not appealable as a matter of right, and we are unable to convert the notice of appeal to an application for interlocutory appeal. Therefore, we must dismiss M.W.'s appeal of the December 9 district court order.

**IV. Disposition.**

We conclude M.W., the respondent in this case, must first appeal the judicial hospitalization referee's order finding him seriously mentally impaired to the district court according to section 229.21(3) of the Iowa

Code. Only after the district court enters a final order or judgment with respect to finding M.W. seriously mentally impaired or his placement, would we have jurisdiction to review this case. We further conclude that the district court's December 9 order was not appealable as a matter of right. Accordingly, we vacate the decision of the court of appeals and dismiss the appeal.

**DECISION OF COURT OF APPEALS VACATED; APPEAL DISMISSED.**

All justices concur except Appel, J., who dissents.

**APPEL, Justice (dissenting).**

I respectfully dissent.

In *In re Melodie L.,* we considered an appeal by the state of a dismissal of an involuntary commitment proceeding by a referee. 591 N.W.2d 4, 5 (Iowa 1999). We held that the order was not interlocutory because of the language of Iowa Code section 229.21(2) (1997). *Id.* at 7. In particular, we cited the provision of the statute that orders issued by referees shall "have the 'same force and effect as if ordered by a district judge.'" *Id.* (quoting Iowa Code § 229.21(2)).

Our main rationale in *Melodie L.* was that the hospitalization referee has "concurrent jurisdiction" with the district court in holding an involuntary committal hearing. *Id.* Because a referee's commitment order is the equivalent of a district court order, it is appealable. *Id.*

It is true that in *Melodie L.,* the court, in addition to the above noted language, further observed that the state did not otherwise have a basis for appealing a referee's order refusing commitment. *Id.* But the main rationale in *Melodie L.* is not so qualified. Iowa Code section 229.21(2) does not say an order of a referee shall be treated as an order of the district court "if involuntary commitment is denied." The majority is, in effect, adding these words to the statute. But the statute unambiguously applies to all orders of referees whether or not commitment results.

The proposition that a finding of "concurrent jurisdiction" is sufficient, by itself, to support determining that a referee's order is final and appealable is also supported by *In re D.W.K.,* 365 N.W.2d 32 (Iowa 1985). In that case, we held that a juvenile court referee's order was final because the referee was granted concurrent jurisdiction by Iowa

Code section 602.7103(2) (1983 Supp.). *Id.* at 33–34. Importantly, the juvenile court referee's order was appealable to juvenile court under Iowa Code section 602.7103(3). *Id.* at 34. Thus, there was in fact another potential avenue of appeal in *D.W.K.* Nonetheless, we held that concurrent jurisdiction was sufficient to establish that a juvenile court referee's order was final, noting, "Because no review [by the juvenile court] was requested in this case, the referee's order is final and we have jurisdiction of the appeal." *Id.*

The approach in *D.W.K.* to "concurrent jurisdiction" was utilized in *Melodie L.* and formed the basis of the court of appeals opinion in this case. 591 N.W.2d at 7. I would leave the approach undisturbed rather than reengineer the statute and our caselaw.

On the merits, I would hold that M.W.'s guardian was entitled to notice. Iowa Rule of Civil Procedure 1.305(3) requires notice to the guardian unless M.W. was confined at a state hospital for the mentally ill. At the time of the hearing, M.W. was not so confined. Thus, notice should have been afforded to M.W.'s guardian.